## UNITED STATES v. ALEXANDER.

(District Court, S. D. Florida.)

1. **Intoxicating liquors ⊂⊃249—Search warrant held void for insufficient description of premises.**

A search warrant for intoxicating liquors, describing the place to be searched as the premises of a person named, "corner Davis & Ashley St., Jacksonville, Duval county, Florida," *held* void for insufficiency of description of the place.

2. **Intoxicating liquors ⊂⊃255—Illicit liquor, seized under invalid search warrant, will not be returned.**

Illicit liquor, though seized under an invalid search warrant, will not be returned, but will be ordered destroyed.

Criminal prosecution by the United States against Jim Alexander. On motion by defendant, attacking validity of search warrant, and for return of property seized thereunder. Search warrant held void, and property ordered destroyed.

Damon Yerkes, Asst. U. S. Dist. Atty., of Jacksonville, Fla.
Richard P. Daniel, of Jacksonville, Fla., for defendant.

CLAYTON, District Judge. A sworn motion was filed by defendant in this case, attacking the validity of a search warrant issued by the United States commissioner, under which warrant property of defendant had been seized, and also praying for a restoration of said property. The search warrant thus attacked was issued by the United States commissioner for this district on August 23, 1921. Said warrant recites:

"Whereas, complaint under oath and in writing has this day been made before me by C. E. Miller, of Internal Revenue, alleging that intoxicating liquor has been sold and is unlawfully concealed upon and by the use of corner Davis & Ashley St., Jacksonville, Duval county, Florida, being the premises of Jim Alexander, and being situate and within the district above named: You are hereby commanded, in the name of the President of the United States, to surrender the said premises," etc.

The return made upon the above warrant shows that 32 half pints of illicit liquor were found upon the premises searched. Defendant's motion attacks the validity of this search warrant upon the following, among other, grounds:

"(1) That said property was seized under an alleged search warrant which was and is void.

"(2) Because the pretended search warrant, under authority of which said property was seized, did not sufficiently describe the premises to be searched."

[1] Counsel for defendant contends that the description of the premises to be searched in the above warrant was too vague and indefinite to render the search warrant of any validity by reason of the fact that any one of four places could be searched under it if it had been legal. In support of this motion, counsel for defendant cites the cases of United States v. Kozman, and United States v. Keydoszius, both reported in 267 Fed. at page 866 et sequitur, and the case of United States v. Mitchell et al. (D. C.) 274 Fed. 128.

In the Kozman Case the still and contents for making distilled spirits were seized under a search warrant describing the place to be searched as "being the premises of William Kozman, 123 Garfield street," in Dayton, Ohio. The search was made at 123 North Garfield street. There was also a South Garfield street in Dayton, Ohio. The court in its opinion said:

"The description of Kozman's premises was insufficient. There were two Garfield streets, and the statement does not locate his residence on either."

In the Keydoszius Case the place to be searched was described as, "being the premises of John Doe (Kardosi), corner of Troy and Dell streets," in Dayton, Ohio. It will be noted that the description in this case is the same as in the present case. The court said the search warrant was insufficient and the search and seizure were unauthorized. It is true that the affidavit in the Keydoszius Case was made upon information and belief, and the court did not definitely state in the opinion upon which defect it based its decision, but it is probable that both defects were considered by the court.

In the Mitchell Case the search warrant authorized a search of "880 Bush street." This particular place was a building containing four apartments. Defendant occupied apartment No. 4. The officers making the search, before entering the premises, telephoned the commissioner and received permission over the phone to insert in the warrant the words, "By order of Com. Krull, this to specify Apt. 4, especially." The officers then proceeded under this warrant as amended and seized a considerable quantity of liquor. In granting a motion to restore the property to defendant, the court in its opinion said:

"It is not merely a pro forma matter, but one of utmost importance, that search warrants should be properly issued in the first instance. They should not be lightly applied for, nor lightly issued, as they trespass upon the most important rights of the people. When issued, they should be promptly served and promptly returned. It should go without saying that they are of such grave importance that they may be amended, if at all, only by the officer issuing them, and then only in conformity with the affidavits or depositions upon which they are based. In the present instance we have an all-devouring warrant issued against an apartment house where many families reside. This of itself is sufficient to condemn it, as it was never claimed that the whole premises should be searched. 'Particularly describing the place to be searched' is the language of the Constitution, and 'particularly describing the property and the place to be searched' is the language of the act. The warrant could not be amended by the officers upon a telephone communication from the commissioner, nor could he himself amend it unless the affidavit itself were so amended as to specify the particular apartment to be searched."

[2] The court in the present case is inclined to follow the cases above cited. It is apparent here that the search warrant failed to "particularly" describe the premises to be searched as required by the Constitution. It was therefore insufficient and void, and the search and seizure of defendant's property thereunder was illegal, and all proceedings had under and by virtue of said search warrant were a nullity and of no effect. However, it appears that the property seized in this case was "illicit liquor," commonly called "moonshine" or "shine," made contrary to law, and the same should be destroyed by the marshal of this court.

An order may be entered that said search warrant is illegal, void, and of no effect, and that said "illicit liquor" be immediately destroyed by the marshal of this court.