### Application of BLANC.

District Court, W. D. New York. February 9, 1927.

Searches and seizures ⊗=3(4)—Affidavit stating bare conclusions of affiant only held insufficient to authorize issuance of search warrant (Const. Amend. 4).

Affidavit stating bare conclusions of affiant, based on surmise and conjecture only, *held* insufficient to authorize issuance of search warrant, in view of Const. Amend. 4.

Petition of William Blanc for order restraining Roscoe C. Harper, his agents, etc., from removing materials, machinery, or utensils from described premises. On motion to vacate search warrant. Granted.

Michael J. Maher, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., opposed.

HAZEL, District Judge. The information upon which the search warrant was issued alleges that the affiant "has reason to believe that within a certain house, store, or building, * * * and being a plant for the purpose of manufacturing intoxicating liquors for sale for beverage purposes, * * * there is located certain property, to wit, a quantity of intoxicating liquors which is being used as the means of committing a violation of the National Prohibition Act [27 USCA]." As a basis for his belief, he alleges that, while outside the plant, he saw, through a window, a number of wooden vats used in the manufacture of intoxicating liquor; that he then entered the building and saw two rectifying columns and a number of vats used in the manufacture of intoxicating liquor. The government concedes that, at the time of entering the building and thereafter on executing the search warrant, no intoxicating liquor, alcohol, or ingredients for making liquor were contained in the building. This concession contradicts affiant's statement that a quantity of intoxicating liquor was located in the building and that vats were being used for the purpose of manufacturing. Stripped of these assertions, the affiant simply states that, on looking through a window, he saw two wooden vats, and later, on entering the building, discovered rectifying columns in course of construction.

The warrant, in my opinion, does not stand the test of the Fourth Amendment of the Constitution and laws of the United States, inasmuch as the averments, upon which the search warrant was issued, were bare conclusions based on surmise and conjecture only, without facts to support them. What is claimed to have been stated by one Miller, a plumber, after entering the building, cannot be considered as binding upon this application. Nor could it have been material that the search revealed that the affiant's suspicions, before entering the building, were correct. A. J. Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520, recently decided by the Supreme Court; Siden v. U. S. (C. C. A.) 9 F.(2d) 241. No offense was committed in the presence of the affiant, and, in the absence of facts, the inference is not unwarranted that the affiant entered upon the premises as a trespasser. Entry by such means, and obtaining information, was unlawful, and cannot be accepted as a basis for the warrant. Nothing whatever appears to indicate that just grounds existed to suspect a violation of law within the plant.

Since the search warrant was not issued upon facts showing probable cause for believing that an offense was committed, and no offense having been committed in the presence of affiant, the warrant must be vacated, and the evidence suppressed. So ordered.