BUCARI et al. v. FILI et al.
No. 1976.

District Court, M. D. Pennsylvania.
Feb. 22, 1940.

John W. Crolly, of Scranton, Pa., for plaintiffs.

Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for defendants.

JOHNSON, District Judge.

On November 30, 1939, a United States Commissioner issued a search warrant based upon the affidavit of Raymond Hartman, one of the above defendants. Hartman's affidavit alleged that he had had a complaint that an illegal whiskey still was being operated on certain premises, and further, he, Hartman, had on November 29, 1939, clearly detected an odor of fermenting or cooking whiskey mash emanating from the premises. The warrant authorized the search of "the premises known as Rogo Store & Dwelling, Old Forge, Lackawanna Co., Pa. and more particularly described as follows: 2-story stucco dwelling, commercial front, trimmed in green, bearing name 'Robert Rogo' on plate glass window, located next door, south, of 512 Main Street in the Borough of Old Forge, County of Lackawanna, State of Pennsylvania". Pursuant to the warrant a search was made, and in petitioners' part of the premises, to wit, second floor of 514 South Main Street, Old Forge, Pa., there was found and seized one 5-gallon can full of alcohol and 2 empty quart whiskey bottles.

Before indictment or other proceedings were begun against them, the above petitioners began this action to quash the search warrant and to enjoin the defendants and all other officers of the United States from using in evidence the property seized, and from using any clues and leads obtained through such search. January 2, 1940, the matter was heard in open court. At that time counsel for defendants moved the court to deny the petition and discharge the rule granted thereon. The motion of defendants will be first considered.

Defendants base their motion on an allegation that this court lacks jurisdiction. They set forth that no suit is pending in which petitioners are plaintiffs and in which the above-named defendants are defendants, and since a rule to show cause can never be used as a plenary proceeding, the allegation is that this court had no jurisdiction to grant the rule. Further, they assert that since defendants are not officers of this court there is no summary jurisdiction over them by rule.

■ The motion of defendants must be denied. The case of Go-Bart Importing Company et al. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374, and the additional facts set forth in the report of the same case in the Circuit Court of Appeals, United States v. Gowen et al., 2 Cir., 40 F.2d 593, show that the Supreme Court of the United States recognizes as proper a proceeding in this nature to question the validity of a search warrant and to suppress evidence secured thereby before indictment or further criminal proceedings. This court has jurisdiction as appears from that decision to determine now the questions of validity of the warrant, and the use, if any, which may be made of evidence secured under that warrant.

Petitioners urge two reasons for their motion to quash the search warrant and suppress the evidence secured thereunder, namely, that no probable cause was shown for the issuance of said warrant, and that the premises to be searched were not particularly described. These allegations will be considered in the order mentioned.

The Fourth Amendment to the Constitution of the United States, U.S.C.A., protects the people against unreasonable searches and seizures, and provides that no search warrants shall issue except upon probable cause supported by oath or affirmation, particularly describing the place to be searched and the things to be seized.

■■ The probable cause for the present warrant must be found, if at all, in Hartman's affidavit that he clearly detected the odor of fermenting or cooking whiskey mash emanating from the specified premises. His affidavit also set forth that he had been investigating a complaint that an illegal still was being operated there, but the affidavit of the complainant would be necessary to render this latter evidence of probable cause. To hold otherwise would permit an affiant to swear out a search warrant on hearsay evidence. There is some conflict of authority whether a mere allegation of having smelled fermenting whiskey mash is sufficient probable cause on which to issue a search warrant, but this court has found no case where it was held to be a sufficient showing of probable cause, when at the time of search no such fermenting mash was found. In the present case all that was found was a can of alcohol and two empty whiskey bottles. The actual facts at the time of search contradicts the averment of the affiant that there was fermenting whiskey mash present. Stripped of these contradicted assertions affiant states no probable cause. The averments upon which the warrant issued were mere conclusions, based upon surmise and conjecture only, without facts to support them. Application of Blanc, D.C., 21 F.2d 592. Thus, there was no showing of probable cause in this case upon which the warrant could properly issue.

■ Petitioners further allege that the warrant improperly issued because the property to be searched was not particularly described. The description in the warrant was " * * * next door, south, of 512 Main Street in the Borough of Old Forge. * * *" There is a North Main Street and a South Main Street in Old Forge, and of this fact the court will take judicial notice. The street and number stated in the warrant do not locate any one given property and no other in Old Forge. The street and number considered alone might authorize search of either of two premises. This is not sufficient particularity. United States v. Rykowski et al., D. C., 267 F. 866. Striking out the street and number, the remainder of the description, as hereinbefore set forth in the statement of facts, is insufficient to locate one property with sufficient particularity, for it is insufficient to locate a property as being merely the property of a named person. United States v. Alexander, D.C., 278 F. 308. And the description contained in the

warrant, when considered as a whole, is found by this court to be an insufficient description upon which to issue a search warrant. Therefore, it is

Ordered, that the motion of defendants for denial of plaintiffs' petition and a discharge of the rule granted thereon be, and the same is hereby, denied. It is further

Ordered, that the rule granted on plaintiff's petition, to show cause why the search warrant should not be quashed and the named defendants and all other officers of the United States enjoined from using any evidence or clues secured by reason of such search, be, and the same is hereby, made absolute.