**UNITED STATES of America,**
**Plaintiff-Appellant,**

**v.**

**Joseph Michael AMORE, Defendant-**
**Appellee.**

**No. 14464.**

United States Court of Appeals
Seventh Circuit.

July 15, 1964.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellant, Thomas W. James, John Powers Crowley, Asst. U. S. Attys., of counsel.

Anna R. Lavin, John J. Cogan, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This appeal by the government raises the question whether the district court, after sentencing defendant upon his plea of guilty to violation of the wagering provisions of the Internal Revenue Code [1], had jurisdiction to summarily order return to defendant of $1,605.39 seized, by Treasury agents, when they arrested him. We think the court had no jurisdiction to enter the order.

The day following defendant's conviction and sentence, the district court, on defendant's motion, ordered the money turned over to him. We stayed enforcement of the order pending appeal.

Admittedly the money was intended for use in violating the revenue laws and was therefore subject to forfeiture "in accordance with * * * laws * * * relating to * * * forfeitures * * * of property * * * for violation of the internal revenue laws." 26 U.S.C. § 7302. United States v. General Motors Acceptance Corp., 239 F.2d 102, 104 (5th Cir. 1956.)

The Secretary of the Treasury, in accordance with the forfeiture procedure of 26 U.S.C. § 7325,[2] gave notice of forfeiture. Defendant filed neither a timely claim nor bond with the Secretary within thirty days as required by § 7325 in order to have his claim tried by the district court in a *plenary* proceeding. New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960). The district court therefore had no jurisdiction to enter the turnover order. United States v. Grossman, 315 F.2d 94 (2d Cir. 1963), United States v. One 1958 Pontiac Coupe, 298 F.2d 421

---

1. Defendant was charged with wilfully and knowingly failing to pay the special occupational tax on wagering to the United States, and failing to register with and to file Internal Revenue Service Form 11–C to the District Director of Internal Revenue, in violation of 26 U.S.C. § 7203.

2. § 7325 provides that where the goods subject to forfeiture are of the appraised value of $2,500 or less notice shall be published for three weeks in a newspaper "of the district where the seizure was made" giving description of the "articles and stating the time, place, and cause of their seizure" requiring that a claimant appear and make claim within thirty days from the date of the first publication of the notice.

The claimant within that time may file a $250.00 bond which shall transmit the cause to the United States Attorney for the district for proceeding in the "ordinary manner prescribed by law." See also, 26 C.F.R. § 172.26 (1960).

(7th Cir. 1962). And no consent of government counsel could give that court jurisdiction.

■ There is no merit in the points made by defendant which presuppose that the order was entered in a criminal case and that the appeal was pursuant to 18 U.S.C. § 3731. A proceeding to determine right to property subject to forfeiture is a civil proceeding. Martin v. United States, 277 F.2d 785 (5th Cir. 1960), Note, *Forfeiture of Property Used in Illegal Acts*, 38 NOTRE DAME LAWYER 727, 730 (1963). And we need not discuss the Government's motion in the district court to vacate the order under Rule 60(b).

The district court had no jurisdiction to enter the order, and the order is vacated.