**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Philip R. FILING, Defendant-Appellee.**

**No. 18938.**

United States Court of Appeals
Sixth Circuit.

May 15, 1969.

Jill Wine Volner, Dept. of Justice, Washington, D. C., for appellant, Fred M. Vinson, Jr., Asst. Atty. Gen., Philip R. Michael, Atty., Criminal Div., Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on the brief, Charles Ruff, Robert J. Lodewick, Jr., Attys., Dept. of Justice, Washington, D. C., of counsel.

Donald L. Johnson, Newport, Ky., for appellee, Bassmann, Kaufmann, Jolly & Johnson, Newport, Ky., on the brief.

Before WEICK, Chief Judge, and O'SULLIVAN and McCREE, Circuit Judges.

WEICK, Chief Judge.

Acting under the authority of a valid search warrant, Internal Revenue Agents seized gambling paraphernalia and $831.-00 in currency in the establishment of appellee, Filing. Shortly thereafter the Government commenced a criminal prosecution in the District Court by filing a complaint charging Filing with violation of 26 U.S.C. §§ 4411, 4412 and. 7203. While the criminal prosecution was pending the Government instituted an administrative forfeiture proceeding pursuant to 26 U.S.C. §§ 7301 and 7325.

The property seized was listed and appraised, as required by § 7325, and notice was published for three weeks in a newspaper in the district where the seizure was made. The notice stated that any person claiming the property was required to appear and make such claim within thirty days from the date of the first publication.

In addition to the published notice, the Service sent a letter to Filing enclosing a copy of the notice and advising him that if he had an interest in the property and desired judicial adjudication of the matter, a claim and cost bond would be required to be filed on or before the final claim date stated in the notice, and that unless he filed such claim and bond the property would be forfeited administratively and the forfeiture would not be subject to judicial review. The time for filing claims expired on January 26, 1968. Appellee ignored the notice and made no claim to the property seized as required by law, and On January 29, 1968 the property was administratively forfeited.

The Supreme Court decided Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) on January 29, 1968, which was subsequent to the date for making claim.

On April 5, 1968 Filing, relying on the decisions of the Supreme Court in *Marchetti* and *Grosso,* filed in the District Court his motion for an order quashing the warrant of search and seizure, suppressing the use as evidence of anything seized thereunder and directing the Government to return to him the property seized.

The Government in response to the motion, conceded that it could no longer prosecute Filing on the criminal charge upon his assertion of his privilege against self-incrimination, but resisted any order for the return of the money on the ground that it became the subject of a perfected forfeiture on January 29, 1968, and has since been paid by the District Director of Internal Revenue Service into the United States Treasury's General Collection Fund as "miscellaneous revenue collections," and that the funds have become public money.

The District Judge not only granted the motion to suppress, but he ordered the Government to return to Filing the property seized. He relied principally on *Marchetti* and *Grosso, supra,* Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), and on the decision of the Seventh Circuit in United States v. United States Coin and Currency in the Amount of $8,674, 393 F.2d 499 (7th Cir. 1968), *cert. granted,* 393 U.S. 949, 88 S.Ct. 375, 21 L.Ed.2d 361

(1969) (No. 477). He declined to follow our decision in United States v. One 1965 Buick, 392 F.2d 672 (1968), rehearing denied in an opinion reported in 397 F.2d 782, *pending on certiorari*, 37 U.S.L.Week 3221 (U.S. Oct. 10, 1968) (No. 679), in which we decided contrary to the decision of the Seventh Circuit on the issue of whether the rule in *Grosso* and *Marchetti* should be extended to civil actions.

At no place in his opinion did the District Judge discuss the administrative forfeiture which had been perfected prior to *Grosso* and *Marchetti*, or the effect of the failure of Filing to exhaust his administrative and judicial remedies. Nor did he find anything wrong with the search warrant, the sufficiency of which was not challenged.

The Government has appealed to this Court, claiming the right to do so under 18 U.S.C. § 3731, which was amended June 19, 1968,[1] or under 28 U.S.C. § 1291.

■ Filing contends that the order entered in the criminal case for the return of the property seized, was interlocutory and not a final appealable order, and that we have no jurisdiction of this appeal. We disagree. We do not know how any order could be drawn which would be more final than the one entered by the District Judge, which ordered the Government "to return forthwith to the Defendant all property seized by the search warrant."

■ The United States Attorney had executed the certificate required by Section 3731, as amended, to appeal from an interlocutory order entered in a criminal case. But in our judgment, it was unnecessary for him to execute such a certificate as a condition precedent to appeal because of the concession of the Government that it could no longer prosecute Filing. Thus, the appeal in the present case would not delay the trial of a criminal case. The appeal could therefore be taken under Section 1291 as from a final

order in a civil action to determine the right of Filing to the money. United States v. Heckinger, 163 F.2d 472 (2d Cir. 1947).

■ In any event, even in a criminal action where the emphasis, as here, was on the motion to return property, the order is appealable. Carroll v. United States, 354 U.S. 394, 404, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957).

Filing's reliance on Rule 41(e), Federal Rules of Criminal Procedure, is misplaced as the rule specifically provides:

> "If the motion is granted the property shall be restored *unless otherwise subject to lawful detention * * *.*"
> (Emphasis added).

■ The property was subject to lawful detention by the Government, it having obtained title thereto in the forfeiture proceeding when Filing made no claim. Rule 41(e) does not confer jurisdiction on the District Court to restore property which had been forfeited previously and which no longer belonged to Filing.

It is clear to us that Filing never intended to question the forfeiture until the Supreme Court decided *Grosso* and *Marchetti*. It was then too late for him to pursue his statutory remedy.

We need not comment on the District Judge's reliance upon a decision from another Circuit which conflicted with our decison in *One 1965 Buick, supra*. Suffice it to say that he was without jurisdiction to proceed on the motion to return the property seized. Congress has provided an adequate remedy for persons claiming an interest in property involved in a forfeiture proceeding. 26 U.S.C. § 7325. By exhausting that remedy a claimant may obtain a *plenary* hearing in the District Court and a judicial review of the validity of the forfeiture.

■ Filing ignored the notice and after the forfeiture had been perfected he sought to collaterally attack it in a *summary* proceeding on his motion for the

---

1. Omnibus Crime Control and Safe Streets Act of 1968, Public Law 90–351, Title VIII, Sec. 1301(a), 82 Stat. 237.

return of property in a criminal case which the Government did not intend to prosecute. It is settled that the District Court was without jurisdiction. United States v. Amore, 335 F.2d 329 (7th Cir. 1964); United States v. Grossman, 315 F.2d 94 (2d Cir. 1963); United States v. One 1955 Oldsmobile Sedan "98", 181 F.Supp. 903 (W.D.Pa., 1960).

The judgment of the District Court is reversed.