**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Audry Keith DECKER, Defendant.**
**Crim. A. No. 22991–3.**

United States District Court,
W. D. Missouri,
W. D.

Oct. 7, 1970.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

James A. Daleo, and Theodore Tenny, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY WITHOUT PREJUDICE

BECKER, Chief Judge.

On August 21, 1970, defendant filed his motion herein for the return of certain firearms and ammunition which were seized in the search and seizure of defendant's premises in November 1969. On September 18, 1970, this Court entered its findings of fact and conclusions of law adjudging defendant to be guilty of the charges in all counts of the indictment except counts II and IV, which were dismissed on motion of the Government. On September 24, 1970, defendant filed his notice of appeal from that judgment while the motion for return of property was still pending.

The motion for return of the seized firearms and ammunition must be by this Court denied without prejudice to its contentions. In its brief in opposition to defendant's motion, the Government states as follows:

"In this case Mr. Decker petitioned the Director of the Alcohol, Tobacco and Firearms Division of the Department of Treasury for remission of forfeiture under the provisions of 26 United States Code § 7325, posting a timely bond in the amount of $250. Thereafter, pursuant to Section 7325(3) the Secretary of the Treasury transmitted the matter to the United States Attorney for this District. Under that section it is the duty of the United States Attorney to 'proceed thereon in the ordinary manner prescribed by law.'"

It is therefore the contention of the United States that the "proper action in which to determine the regularity of a seizure is the proceeding *in rem* in United States District Court to enforce forfeitures. See 26 United States Code § 7323," which in part reads as follows:

"The proceedings to enforce such forfeitures shall be in the nature of a

proceeding in rem in the United States District Court for the district where such seizure is made."

Insofar as the defendant is concerned, however, meantime administrative remedies exist under the provisions of Section 7325, Title 26, United States Code, which reads, in pertinent part, as follows:

"(3) *Execution of bond by claimant* —Any person claiming the goods, wares, or merchandise so seized, within the time specified in the notice, may file with the Secretary or his delegate a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $250, conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation; and upon the delivery of such bond to the Secretary or his delegate, he shall transmit the same, with the duplicate list or description of the goods seized, to the United States attorney for the district, and such attorney shall proceed thereon in the ordinary manner prescribed by law."

The remedies provided under this provision have been described as exclusive. United States v. One 1936 Model Ford V–8 DeLuxe Coach, Motor No. 18–3306511, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. Amore (C.A.7) 335 F.2d 329; DeBonis v. United States (W.D.Pa.) 103 F.Supp. 119. In United States v. Filing (C.A.6) 410 F.2d 459, certain gambling paraphernalia of defendant and $831.00 in currency were seized. While the criminal prosecution was pending the Government instituted an administrative forfeiture proceeding pursuant to Sections 7301 and 7325, Title 26, United States Code. After the defendant had ignored the published notice under those sections and the property was administratively forfeited, he moved in his pending criminal prosecution, under the provisions of Rule 41(e), F.R.Crim.P., for return of the property. The District Court not only granted the motion to suppress, but also ordered the Government to return to Filing the property seized. In passing on the latter part of the district court order, the Court of Appeals for the Sixth Circuit noted that, contrary to the Seventh Circuit (in United States v. United States Coin and Currency in the Amount of $8,674 (C.A.7) 393 F.2d 499, cert. granted 393 U.S. 949, 89 S.Ct. 375, 21 L.Ed.2d 361) it had decided in United States v. One 1965 Buick (C.A.6) 392 F.2d 672, that the decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, did not apply in civil actions.[1] The Court went on to state as follows:

"It is clear to us that Filing never intended to question the forfeiture until the Supreme Court decided *Grosso* and *Marchetti*. It was then too late for him to pursue his statutory remedy.

"We need not comment on the District Judge's reliance upon a decision from another Circuit which conflicted with our decision in *One 1965 Buick, supra*. Suffice it to say that he was without jurisdiction to proceed on the motion to return the property seized. Congress has provided an adequate remedy for persons claiming an interest in property involved in a forfeiture proceeding. 26 U.S.C. § 7325. By exhausting that remedy a claimant may obtain a *plenary* hearing in the Dis-

---

1. This holding would make it possible to institute forfeiture proceedings under Section 7302 et seq., Title 26, U.S.C., without any conviction, when gambling or tax laws were otherwise violated. The holding would have particular applicability to violations of statutes which have been held to infringe upon the right against self-incrimination. See, e. g.

Civella v. United States (W.D.Mo.) Civil Action No. 18696–3, involving possible violations of the gambling tax act. At the time of this order, United States v. United States Coin and Currency was still pending in the United States Supreme Court. The decision was later affirmed at 401 U.S. ——, 91 S.Ct. 1041, 28 L.Ed.2d 434.

trict Court and a judicial review of the validity of the forfeiture." (Emphasis in original.) 410 F.2d 459.

In this case, the administrative procedure has not yet been completed. The Government has asserted in its brief, and it ·has not been denied by defendant in his reply brief, that defendant has posted the $250 bond and that the Secretary of the Treasury has transmitted the bond to the United States Attorney to be proceeded "thereon in the ordinary manner prescribed by law." The next step is an enforcement proceeding in federal district court under the provisions of Section 7323, *supra*. In order for that enforcement to obtain, however, a finding that the firearms or ammunition have been "involved in or used or intended to be used in, any violation of the provisions of this chapter [the Federal Firearms Act] or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States" is necessary under the provisions of Section 924(d), Title 18, United States Code. Therefore, the administrative proceeding presently pends on the final determination of guilt or innocence in this action, a determination which cannot yet be regarded as final, as noted below, because defendant has filed a notice of appeal from the finding of guilty by the Court.

■■ The Government's position is therefore well founded and must be sustained. It is true that federal district courts have jursdiction over independent motions to suppress illegally seized evidence and for return of seized property, when the action is commenced before the return of any indictment. See Lord v. Kelley (D.Mass.) 223 F.Supp. 684, 687, app. dis. (C.A.1) 334 F.2d 742, cert. de-

2. Under the rule of DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L. Ed.2d 614, that such an independent motion remains separable from the criminal action, once the indictment is returned, only if it involves a request solely to return the property and is "in no way tied" to the criminal action, the independent motion may be dismissed, when the indictment is returned, without prejudice to a motion to suppress under Rule 41, F.R.Crim.P., in the criminal action.

nied 379 U.S. 961, 85 S.Ct. 650, 13 L.Ed. 2d 556.[2] But the United States District Courts cannot exercise supervision of administrative seizures and forfeitures. United States v. Filing, *supra*. Cf. United ed States v. Butler (C.A.3) 425 F.2d 883.

■ Although the forfeiture proceeding instituted by the Government has not yet been completed and is presently in an inactive status, the Government explains as follows:

"If the United States Attorney were at this time to proceed with the forfeiture action defendant Audry Decker would undoubtedly appear in that action to assert his claim and would very likely request the court to delay its decision therein until this criminal case was disposed of by a final determination of defendant Audry Decker's criminal liability herein. We would regard that as a most sensible position for the defendant to take in such a case. It is exactly the position that the Government takes in this case."

For the same reason, further, the Court cannot presently determine the motion in this action. Even if an administrative forfeiture under the above statutes were not pending, and the administrative remedies were exhausted, a judicial forfeiture can ordinarily take place only after a conviction has become final. In King v. United States (D.Colo.) 292 F. Supp. 767, 772, it is said:

"Although there may be such a thing as judicial forfeiture, it does not occur until there has been a conviction and the court has decreed that the property of the person convicted is forfeited to the government. Furthermore, such a remedy would obtain only in respect to instruments of the crime and perhaps contraband." [3]

3. It appears that, even in those cases which allow forfeiture in the absence of a conviction, the minimum necessary condition of the forfeiture is that a law has been violated. In fact, the Supreme Court has now made it clear that "significant criminal activity" is necessary to sustain a forfeiture under these provisions. See United States v. United States Coin and Currency in the Amount of $8,-674, *supra*, note 1.

By virtue of defendant's notice of appeal filed herein on September 24, 1970, however, defendant has made it certain that, barring his earlier withdrawal of the notice of appeal, the issue of his guilt will not have been determined before the Eighth Circuit Court of Appeals rules on the appeal of the defendant. As authority to the contrary, defendant relies on United States v. Central Gun Shop, Inc. (D.Kan.) KC–CR–1157–A; United States v. Arlen (C.A.2) 252 F.2d 491; and Fields v. Peyton (C.A.4) 375 F.2d 624. In United States v. Central Gun Shop, Inc., *supra*, the United States District Court for the District of Kansas sustained a motion "for the return of all of the firearms seized under the search and seizure warrant." The order of the Court in that case, however, does not state whether the return was ordered after the exhaustion of administrative remedies or whether it was made because of a finding of the unlawfulness of the search and seizure. In view of the holding in United States v. Filing,· *supra*, it would appear that jurisdiction to make such an order would exist only after the exhaustion of administrative remedies or where the search and seizure initially undertaken was unlawful. The question of return of seized property was not considered in either United States v. Arlen, *supra*, or Fields v. Peyton, *supra*.

By the same reasoning it appears that defendant's filing of his premature notice of appeal will eventually divest this Court of any jurisdiction which it might have, despite the existing administrative forfeiture proceeding, to compel the return of property seized by the Government. The applicable principle is set forth in 9 Moore's Federal Practice ¶ 73.13, p. 3214, as follows:

"The filing of a timely and effective notice of appeal divests the district court of jurisdiction only with respect to the judgment brought up for review by the appeal. If an appeal is taken from a judgment which determines the entire action, the district court loses power to take any further action in the proceeding, except in aid of the appeal or to correct clerical errors * * *"

It appears that the issue of whether property should be returned or not should not be determined by this Court in the absence of a final adjudication of defendant's guilt on the expected appeal.

Therefore, the motion for return of property is not a motion which can be determined during the pendency of an appeal, under the principles set forth above. Although it is the rule that there is no final judgment in a criminal case from which an appeal can be taken until sentence has been imposed (Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229; Yeloushan v. United States (C.A.5) 313 F.2d 303), Rule 4(b) of the Federal Rules of Appellate Procedure provides that a notice of appeal prematurely filed before entry of the order or judgment appealed from "shall be treated as filed after such entry and on the day thereof." It therefore appears that the findings of guilt heretofore made in this case are not final and will not be final until the expected appeal is determined. It further appears that this Court should not meantime determine a motion which must necessarily depend upon the finality of the findings of guilt or innocence.

For the foregoing reasons, it is

Ordered that defendant's motion for return of property be, and it is hereby, denied without prejudice to its contentions.