**UNITED STATES, Appellant,**

v.

**George Aloyisius FARMER, Appellee.**

**No. 6424.**

District of Columbia Court of Appeals.

Argued Sept. 27, 1972.

Decided Dec. 7, 1972.

John A. Terry, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and James A. Adams, Asst. U. S. Atty., were on brief, for appellant.

R. Graydon Ripley, Washington, D. C., appointed by this court, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

PER CURIAM:

The Government appeals from a pretrial order suppressing as evidence and directing the police to return to appellee certain items of personalty which they had seized while searching his home pursuant to a warrant. The warrant authorized a search of the entire premises and the seizure of four specifically-described television sets. Appellee had alleged in his motion to suppress (1) that the search warrant was invalid because it rested upon information supplied by an informant whose reliability had not been established in the manner required by the Supreme Court in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1964), and (2) that the seizure of all items *not* authorized by the search warrant was unlawful.

When the motion came on for hearing prior to trial, neither party presented testi-

mony. The prosecutor advised that he did not have the officers in court and, indeed, had not even talked to them about the seizure. The Government's position was that the motion was premature and should not be determined until an indictment had been returned against appellee.[1] The court rejected this argument and proceeded to rule, without any evidence before it, that the seizure of all that property of appellee not authorized by the warrant was unlawful.[2] At the same time, however, the court refused to determine the issue of the validity of the warrant, also raised by appellee's suppression motion, because "he is *not charged* with anything involving" (emphasis added) the items seized under the warrant.

■ It seems incongruous that the trial court would *defer* ruling on one part of the suppression motion for the reason that criminal prosecution had *not* been instituted against appellant, but, at the same time, rule on the other part of the motion *even though* an indictment had not yet been returned.[3] In Jenkins v. United States, D.C.App., 284 A.2d 460 (1971), we strongly emphasized the importance of ruling *finally* on a suppression motion prior to trial to avoid the waste of judicial resources and to lessen possible confusion at trial. Here, the court should have determined all, not a part of, appellee's motion and its order must be reversed and the case remanded for a prompt and *complete* determination of this motion.

■ We are obliged to note that the motions judge, in the course of his ruling, made repeated references to (1) what he himself believed to be the general practice of the police when executing search warrants and (2) the facts of cases other than the one pending before him. (See Appendix to this opinion.) We point out that evidence, not "personal views," *see* Naples v. United States, 113 U.S.App.D.C. 281, 292, 307 F.2d 618, 629 (1962), must undergird an order if it is to be valid.

Reversed and remanded.

### APPENDIX

THE COURT: Don't stand there and tell me that you can go into somebody's house with a search warrant that tells you to get four items and empty it out. The police do it over and over again and it is in direct violation of the Fourth Amendment. (Tr. at 10)

.  .  .  .  .  .

There just get to be limits, Mr. Prosecutor. You see, the police have a nice habit of getting a warrant for some reason or another, walking into people's houses. I had one here not so long ago in which they had the gall to stand up and tell me that they seized somebody's television set on the theory that since they kicked up four or five doors and left the whole house open to the outside, that they took it and put it into the property clerk's office to protect it so that nobody would come and steal it while

---

1. The Government does not urge this on appeal. *See generally,* DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); United States v. Decker, 322 F.Supp. 419, 422 (W.D.Mo. 1970); Lord v. Kelley, 223 F.Supp. 684 (D.Mass.1963).

2. It should be noted that D.C.Code 1967, § 23–524(e) (Supp. V 1972) *authorizes*:
   An officer . . . executing a search warrant . . . [*to*] *seize any property discovered in the course of the lawful execution of such warrant* if he has probable cause to believe that such property is subject to

seizure . . . [as stolen property, contraband, or evidence of a crime] even if the property is not enumerated in the warrant . . . . (Emphasis added.)
*See* United States v. Yates, D.C.App., 279 A.2d 516 (1971).

3. The fact that certain items appellant sought to suppress had been seized under a warrant is not cause for refusing to rule on his motion filed prior to indictment. DiBella v. United States, *supra* note 1; Bucari v. Fili, 31 F.Supp. 433, 434 (M.D.Pa.1940).

they locked up the people in the house. It was pure poppycock.

Every time they go into somebody's house they take every piece of electronic equipment they can lay their hands on and they call it "suspected proceeds of crime" and they've got no report and no indication that it has been stolen. It's a standard procedure . . . . (Tr. at 12–13)

. . . . . .

. . . You've got no right to do it, absolutely, nothing. It's the same sort of thing that resulted in going in and shooting Kenyon Ballew. It's that same sort of reasoning, that same sort of thinking on behalf of policemen. (Tr. at 14)

. . . . . .

That's just like you have no idea why you haven't been able to get to something for three months to charge somebody with carrying a pistol without a license five-and-a-half months after he was brought in and held to answer. Your office is going to have to get with it. (Tr. at 16)