UNITED STATES of America, Plaintiff,

v.

TEN FIREARMS AND TWENTY–FOUR ROUNDS OF AMMUNITION, in rem, Defendants.

Civ. A. No. CA–3–75–1325–D.

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 25, 1977.

Stafford Hutchinson, Asst. U. S. Atty., Dallas, Tex., for plaintiff.

Douglas Riley, Jr., Dallas, Tex., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERT M. HILL, District Judge.

This cause came on for consideration before the court without a jury, the Honorable Robert M. Hill, United States District Judge, presiding. After considering all the evidence and the arguments of counsel the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. The Court has jurisdiction of this cause of action involving the Defendant ten firearms and twenty-four rounds of ammunition.

2. The Court adopts the stipulated facts contained in the pre-trial order as Findings of Facts.

3. With regard to the October 8, 1974, transaction, Special Agent Davis advised William Wallace Hendrix ("Hendrix") he desired to purchase some guns. Hendrix then opened the trunk of his automobile and showed Davis several handguns, shotguns, and rifles that he offered to sale at different prices. Hendrix stated that the guns were not registered. Davis paid Hendrix $100.00 for the firearm and for the fifteen rounds of ammunition he purchased from Hendrix on such date.

4. With regard to the October 23, 1974, transaction, Special Agent Davis had a conversation on such date with Hendrix about purchasing additional handguns. Hendrix showed Davis several guns for sale and reiterated relative to the guns not being registered. Davis paid Hendrix for the three firearms and the ammunition he purchased from Hendrix on such date.

5. With regard to the December 5, 1974, transaction, Special Agent Davis contacted Hendrix at 3606 South Polk Street and asked him what kind of guns he had for sale. Hendrix invited Davis to ride with him to his office at 3440 South Polk Street. At his office Hendrix had a large number of firearms which he showed Davis and stated were for sale.

6. With regard to the December 24, 1974, transaction, Special Agent Clifton had a conversation on such date with Hendrix at 3606 South Polk Street regarding the purchase of guns. Hendrix stated that he had several guns for sale. Clifton told Hendrix that he had been in the penitentiary and also he wanted a gun which could not be traced so that he could shoot his neighbor's dog. Hendrix advised that none of his guns were registered. Hendrix then drove his automobile to his office and returned. He then opened the trunk of his automobile and displayed several firearms which he stated were for sale. Clifton then paid Hendrix $45.00 for the firearm he purchased on such date.

7. With regard to the February 13, 1975, transaction, Hendrix showed Special Agents Clifton and Alvarez several firearms and some ammunition at his office and stated that they were for sale and quoted prices. Clifton then selected the Defendant ten handguns and some ammunition, stated

that he wanted to buy them, and asked Hendrix to quote a price on them. Hendrix then totaled the ten handguns on an adding machine, which showed a total of $1,090.00.

8. Hendrix has bought and traded firearms for approximately 30 years. One of the guns sold in this case had been earlier that day purchased by Hendrix from another person.

9. On November 11, 1974, Hendrix took out an insurance policy on firearms that he owned. Some of the guns sold in this case after such date were not described in the insurance policy. The court concludes that such guns were acquired by Hendrix for the purpose of resale to the general public.

10. During the period from October 8, 1974, through February 13, 1975, Hendrix engaged in the business of selling and dealing in firearms and ammunition at 3606 South Polk Street and 3440 South Polk Street, and Hendrix used or intended to be used the defendant firearms and ammunition in such business.

### Conclusions of Law

1. Engaging in the business of dealing in firearms and ammunition without being licensed to do so under the provisions of Title 18, United States Code, Chapter 44, is a violation of Title 18, United States Code, Sections 922(a)(1), 923(a) and 924(a). For such purposes, the term "dealer" is defined in Title 18, United States Code, Section 921(a)(11) to mean (A) any person engaged in the business of selling firearms or ammunition at wholesale or retail, (B) any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, or (C) any person who is a pawnbroker.

While the statute does not prescribe any standards for determining when a person is "engaged in the business of dealing in firearms and ammunition," the Court in *United States v. King*, 532 F.2d 505 (5th Cir. 1976) stated:

   .  .  . "Business" is commonly understood to mean an activity engaging some of one's time, attention and effort and performed in expectation of profit or oth-

er benefit; "Dealing in firearms" is commonly understood as selling and/or trading in firearms, as well as acquiring firearms for sale by purchase and/or trade

  .  .  .

Whether a person has engaged in the business of dealing in firearms and ammunition depends upon the circumstances of each case. Numerous convictions for engaging in the business of dealing in firearms and ammunition have been upheld under circumstances similar to the present case. See *United States v. Powell*, 513 F.2d 1249 (8th Cir. 1975); *United States v. Williams*, 502 F.2d 581 (8th Cir. 1974); *United States v. Wilkening*, 485 F.2d 234 (8th Cir. 1973); *United States v. Baker*, 397 F.Supp. 1122 (E.D.Mo.1975), aff'd 526 F.2d 804 (8th Cir. 1975); *United States v. Zeidman*, 444 F.2d 1051 (7th Cir. 1971); *United States v. Gross*, 451 F.2d 1355 (7th Cir. 1971); *United States v. Swinton*, 521 F.2d 1255 (10th Cir. 1975); *United States v. Day*, 476 F.2d 562 (6th Cir. 1973); *United States v. Jackson*, 352 F.Supp. 672 (S.D.Ohio 1972), aff'd 480 F.2d 927 (6th Cir. 1973).

2. Specific intent or knowledge of the Defendant that he is violating the law is not an essential element of a violation of Title 18, United States Code, Section 922(a)(1). *United States v. Powell*, 513 F.2d 1249 (8th Cir. 1975); *United States v. Swinton*, 521 F.2d 1255 (10th Cir. 1975); *United States v. Jackson*, 352 F.Supp. 672 (S.D.Ohio 1972), aff'd 480 F.2d 927 (6th Cir. 1973); *United States v. Gross*, 451 F.2d 1355 (7th Cir. 1971). Congress did not make ignorance of the law a defense in a prosecution for unlicensed dealing in firearms. *United States v. Ruisi*, 460 F.2d 153 (2nd Cir. 1972), cert. denied 409 U.S. 914, 93 S.Ct. 234, 34 L.Ed.2d 176.

3. Based on the findings of fact herein recited, the Court finds that there was probable cause that the Defendant ten firearms and twenty-four rounds of ammunition were involved in, used and intended to be used in a violation of law, to wit: Title 18 United States Code, Sections 922(a)(1), 923(a) and 924(a).

As provided by Title 18 United States Code, Section 924(d), any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of Title 18, United States Code, Chapter 44 or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture.

4. The Court finds that it does not have jurisdiction to adjudicate the claim of Hendrix as to the additional ten firearms specifically described in Paragraph 2 of the Answer and Claim filed herein on December 5, 1975. As a stipulated fact in Item No. 8 of the Pretrial Order, the ten additional firearms described in Paragraph 2 of the Answer and Claim filed by Hendrix were appraised at a value less than $2,500.00 and were advertised for claimants in a notice of seizure published in the DAILY COMMERCIAL RECORD, Dallas, Texas on March 26, April 2, and April 9, 1975, with a final claim date of April 25, 1975. In addition, Hendrix was personally advised of the publication of this notice of seizure by letter dated March 18, 1975. Since no claim in regard to these ten other firearms was received by the final claim date, such firearms were declared administratively forfeited on April 28, 1975.

The filing by a claimant of a claim and bond for costs within the time limit prescribed by Title 26, United States Code, Section 7325 and Title 27, Code of Federal Regulations, Section 72.22 is the exclusive remedy for transferring an administrative forfeiture proceeding to the United States District Court for judicial determination. *Glup v. United States,* 523 F.2d 557 (8th Cir. 1975), which involved a firearms forfeiture similar to the present case. A claimant can attack the constitutionality of summary forfeiture in federal district court only where it appears that the administrative proceeding itself was conducted without adequate notice so that a claimant is unable to comply adequately with the provisions of Section 7325. Notice to claimants was proper and adequate with regard to the ten additional firearms described in Paragraph 2 of the Answer and Claim filed by Hen-

drix. For other similar forfeiture cases involving firearm seizures, see *Vaden v. United States,* 397 F.Supp. 163 (W.D.Va.1975); *Epps v. Bureau of Alcohol, Tobacco and Firearms,* 375 F.Supp. 345 (E.D.Tenn.1973), aff'd 495 F.2d 1373 (6th Cir. 1974); *Bambulas v. United States,* 323 F.Supp. 1271 (D.S. D.1971); *United States v. Decker,* 322 F.Supp. 419 (W.D.Mo.1970), aff'd 446 F.2d 164 (8th Cir. 1971); *Fisburn v. Jackson,* 55 F.2d 934 (N.D.Tex.1932); *United States v. Amore,* 335 F.2d 329 (7th Cir. 1964); *Rush v. United States,* 256 F.2d 862 (10th Cir. 1958); *Newstead v. United States,* 258 F.Supp. 250 (E.D.Mo.1966); *United States v. Filing,* 410 F.2d 459 (6th Cir. 1969).

5. Hendrix contends that since he was "no billed" by a federal grand jury in July, 1975, on charges of knowingly and unlawfully engaging in the business of dealing in firearms during the period in question without having a license to do so, that any proceedings for forfeiture are now barred. He cites *Coffey v. United States,* 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, but that case holds that forfeiture proceedings are barred where there has been a prior acquittal on charges relied upon to justify a forfeiture. Being no billed by a grand jury does not put a person in jeopardy or amount to a judicial acquittal which would give rise to application of the doctrine of collateral estoppel. 22 C.J.S. Criminal Law § 241. Additionally, the statute of limitations has not run on charges of violating §§ 922(a)(1) and 924(a) under the facts in this case and another grand jury could properly return a true bill against Hendrix on such charges. 42 C.J.S. Indictments and Informations § 25. Therefore, the fact that Hendrix was no billed by a grand jury in July, 1975 is no bar to this forfeiture suit.

6. Assuming Hendrix had been indicted, tried and acquitted on charges of his having violated §§ 922(a)(1) and 924(a), the court is of the opinion that the doctrine of collateral estoppel arising out of Hendrix's judicial acquittal would nevertheless not be applicable to bar this suit. In *Glup v. United States, supra,* a case involving very similar facts, the court held that a forfeiture

suit under 18 U.S.C. § 924(d) was remedial and civil in nature. Quoting from *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), the court held that since the burden of proof in a criminal proceeding is greater than in a civil proceeding, application of the doctrine of collateral estoppel based on an acquittal in a criminal case charging the unlawful sale of firearms is precluded in a forfeiture suit involving sale of the same firearms.

7. Any finding of fact deemed as or properly constituting a conclusion of law is hereby adopted as a conclusion of law.

8. Judgment should be entered in favor of the United States for the relief sought and denying Hendrix's claim to other property in the possession of the United States.