**UNITED STATES of America**

v.

**TWENTY–SIX FIREARMS.**

Civ. A. No. 78–942.

United States District Court,
W. D. Pennsylvania.

March 12, 1980.

John W. Murtagh, Jr., Pittsburgh, Pa., for claimant Thomas Buss.

Vincent A. Colianni, Pittsburgh, Pa., for claimant Paul Acken.

William F. Ward, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

### OPINION

MARSH, District Judge.

This case is before us on cross motions for summary judgment by Plaintiff and Claimants Thomas A. Buss and Paul G. Acken. Forfeiture is sought under the provisions of 18 U.S.C. § 924(d) and 26 U.S.C. § 7302.

On June 20, 1978, Claimant Thomas A. Buss was found guilty by a jury of illegally engaging in the business of dealing in firearms, in violation of 18 U.S.C. § 922(a)(1).[1]

During the course of trial the Government proved that Buss arranged for the transfer of more than 140 weapons. These transfers were made at the request of Buss by two licensed firearms dealers, Paul G. Acken, a claimant herein, and Anthony J. Terrana. Both Acken and Terrana testified that Buss had ordered firearms using their federal licenses. Acken, the Government's chief witness, explained that:

> "Buss did his own buying and selling. All I did was receive [the firearms] and fill out the forms for him."[2]

As part of the Government's investigation of the case, in March 1977 federal agents seized a shipment of firearms which

---

1. Section 922(a)(1) provides in pertinent part: "(a) It shall be unlawful—(1) for any person except a . . . licensed dealer, to engage in the business of . . . dealing in firearms . . . .."

2. Trial transcript, page 22.

were purchased by Buss but were in the possession of Acken's parents at his former place of business. On July 14, 1977 Buss filed a motion for return of property challenging said seizure. A hearing on the motion was conducted by United States Magistrate Ila Jeanne Sensenich. Special Agent Lawrence J. Morrissey testified that prior to the seizure Acken had telephoned the agent to report that a shipment of firearms which Acken believed to have been ordered by Buss had arrived at the store. Morrissey testified that he was told by Acken that the agent could examine the firearms. When Morrissey and Agent Masters arrived at the store the next day, they asked Acken's mother if they could open the boxes of firearms and she said they could. Subsequently, the agents seized the weapons.

The Magistrate recommended that the motion for return of seized firearms be denied. This recommendation was adopted by the court, and, in an opinion dated February 27, 1978, the court denied a motion for reconsideration filed by Buss. Thereafter, Buss was indicted and the same firearms became the subject of a motion to suppress filed April 13, 1978. A hearing was held by the court, and the motion was denied.

At the beginning of trial on June 19, 1978, defense counsel announced that he had interviewed Acken for the first time on June 17, 1978, and that he had been told that Acken had given only limited consent to the Government agents to enter the appliance store to inspect the shipment of firearms in March 1977. Defense counsel submitted that the agents had violated this limited consent and that Acken would not have provided this information earlier because Acken feared retaliation by the agents. Defense counsel argued that what he learned from Acken two days prior to trial mandated the reopening of the suppression hearing.

This court dealt with the above contention in an opinion dated November 22, 1978 as part of its opinion denying Defendant's motion for new trial, and upheld its ruling at the start of trial that the evidence should not be suppressed.

On the day he was sentenced (December 8, 1978), Buss filed a Notice of Appeal.

On appeal, the Third Circuit Court of Appeals considered, among other questions, whether the district court erred in denying Buss' pretrial motion to suppress the fruits of an alleged third party consent. On June 8, 1979 the Third Circuit affirmed this court, stating it found no error. Formal mandate affirming conviction was issued July 13, 1979 following a denial for rehearing on July 7, 1979.

At trial, the twenty-six firearms, which are the subject matter of this forfeiture proceeding, i. e., twenty-six (26) barrelled actions for M1A rifles, were admitted into evidence by the United States through Agent Curwood E. Masters. Also admitted was a receipt for the firearms from Springfield Armory Incorporated in the amount of $6,700. The receipt was addressed to Buss' home at 635 Marion Avenue, Springdale, Pennsylvania.

Claimants' memorandum in support of their motions for summary judgment submits that the "United States presented absolutely no evidence that Buss intended to use . . . the chattels in violation of the law. As was set forth above, the Government introduced evidence to show Buss illegally transferred more than 140 weapons. As part of its case, the Government proved that Buss sold several M1A rifles to specific individuals through the mails and that these rifles were sent from Acken's Gun Shop. There was further evidence that Buss advertised for sale the M1A Assault Rifle, the M1A Match Rifle with M14NM barrel, and assorted weapon parts in issues of the Shotgun News, a periodical circulated to over 100,000 individuals interested in various weapons and accessories. With the above facts before it, a jury could reasonably infer that Buss intended to sell the seized firearms as he had done in the past.

■ In light of the Government's burden of proof in a forfeiture proceeding, that is, by a preponderance of the evidence present-

ed, there is no question that the Government has sustained its burden to show Defendant's intention to deal in the subject twenty-six firearms.[3] It is clear that the firearms would have been sold by Defendant had they not been seized by the Government agents. "The circumstantial evidence along with direct testimony" supports forfeiture in this action. *United States v. One Assortment of 12 Rifles & 21 Handguns*, 313 F.Supp. 641 (N.D.Fla.1970).

Forfeiture has been granted on facts more tenuous than those displayed in the case sub judice, especially in automobile forfeiture cases. *Cf. United States v. One 1973 Volvo*, 377 F.Supp. 810 (W.D.Tex. 1974). Forfeiture has been awarded even where there was an acquittal on the underlying violation of criminal statutes. *United States v. One Assortment of 93 Firearms*, 463 F.Supp. 365 (D.C.S.C.1978); *United States v. Ten Firearms & Twenty-Four Rounds*, 444 F.Supp. 305 (N.D.Tex.1977); *United States v. One 1951 Cadillac Coupe De Ville*, 108 F.Supp. 286 (W.D.Pa.1952).

In a forfeiture proceeding, once the libellant has shown probable cause, the burden of proof shifts to the claimants. *United States v. One 1975 Mercedes 280S, etc.*, 590 F.2d 196, 199 (6th Cir. 1978); *United States v. Fields*, 425 F.2d 883, 885 (3d Cir. 1970); *United States v. One 1965 2-Door Coupe*, 260 F.Supp. 761 (W.D.Pa.1966). Neither Claimant Buss nor Acken have sustained their burden of proof. Accordingly, an order will be entered granting the Government's motion for summary judgment and ordering forfeiture.

---

**3.** At least one court has said that guilty knowledge is not necessary in a civil forfeiture action. In *United States v. 57 Miscellaneous Firearms*, 422 F.Supp. 1066, 1070 (W.D.Mo.1976), the court quotes the Second Circuit Court of Appeals as follows:

"[defendant] further argues that even though this is a civil action the government must show some element of scienter or guilty knowledge on his part. We do not agree.

As the proper purpose of the statute is to keep such potentially dangerous weapons out of the hands of unlicensed dealers, we can see no reason for requiring scienter or for reading into the statute what is not there." *United States v. 16,179 Moslo Italian .22 Caliber Winlee Derringer Convertible Starter Guns*, 443 F.2d 463, 466 (2d Cir. 1971); cert. denied, 404 U.S. 983, 92 S.Ct. 447, 30 L.Ed.2d 367 (1971).