**Judith DEVITO**

v.

**UNITED STATES of America, DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION.**

**Civ. A. No. 81–1383.**

United States District Court,
E. D. Pennsylvania.

Aug. 11, 1981.

---

John J. Kerrigan, Jr., Newtown, Pa., for plaintiff.

Serena H. Dobson, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

American courts, as dispute resolution forums, place upon litigants the burden to persuade.[1] Often this jurisprudential system forces judges, as arbiters, to rule in favor of either one litigant who urges strict, literal or general application of a law or legal principle as opposed to another litigant who pleads for a spirited or broad interpretation or a specific exception thereto.[2] In some situations the accepted legal principle clashes with the equities thereof and produces seemingly inhumanitarian results.[3] Other times, as in the case *sub judice*, the legal principle struggles with logic, precedent and uncertainty. Presently, plaintiff seeks remission of her forfeited automobile, seized in connection with a drug investigation and arrest of her husband. She argues that logic suggests that

1. *See, for example, Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), *Demarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193 (3d Cir. 1978) (civil), *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977) (criminal).

2. *See, for example, Dech v. Rouselle Corp.*, 512 F.Supp. 1024 (E.D.Pa.1981) (plaintiff urged broad interpretation of Pennsylvania Workmen's Compensation Act to allow consideration of employer's conduct and to determine the percentages of defendants' pro rata negligence) and *Hauck v. Xerox Corp.*, 493 F.Supp. 1340 (E.D.Pa.1980), *aff'd*, 649 F.2d 859 (3d Cir.

1981) (defendant urged strict adherence to rule requiring proof *at trial* that plaintiff complied with administrative prerequisites).

3. *See, for example, Yack v. Grimes*, No. 81–2743 (E.D.Pa. July 10, 1981) (refusing to stay order of state court judge who directed transfer of child in a custody dispute), *Pangrazzi v. United States*, 511 F.Supp. 648 (E.D.Pa.1981) (rejecting claim of disabled serviceman who failed to press his claim to redress service-related injuries within the time prescribed by law) and *Beck v. Borough of Manheim*, 505 F.Supp. 923 (E.D.Pa.1981) (recognizing age as a bona fide occupational qualification for law enforcement officers).

her lack of involvement in his illegal conduct renders the forfeiture unduly and unfairly oppressive. The Government, moving to dismiss, contends that precedent firmly establishes that the merits of the Attorney General's decision to deny remittance cannot be reviewed by the Court, and hence, it lacks jurisdiction. The element of uncertainty has been supplied by two Supreme Court decisions which can be read to imply an exception to this judicially, not statutorily, conceived notion.

■ The common law recognized forfeiture in both civil and criminal cases, and early American law included such statutes,[4] although the law "abhors"[5] and "disfavors"[6] forfeitures and considers then "odious",[7] the innocence or good faith of the property owner cannot be asserted as a defense.[8] As a matter of fact, the Tariff Act of 1930, as amended,[9] affords the Attorney General exclusive authority to remit a forfeiture. His discretion must be exercised within the admittedly broad command of the statute.[10] Although the Court may direct him to consider the merits of a petition,[11] it has no jurisdiction to review his exercise of discretion.[12]

■ Against this panoply of precedent, the Supreme Court considered the applicability of the Fifth Amendment privilege against self-incrimination to a forfeiture proceeding.[13] Reasoning that forfeiture statutes impose a penalty "only upon those who are significantly involved in a criminal enterprise", the Court concluded that the privilege did apply.[14] In *Calero-Toledo v. Pearson Yacht Leasing Co.*,[15] the Court explained that the *Coin & Currency* case did

---

4. *See* Holmes, *The Common Law* (1881).

5. *Superior Oil Co. v. Devon Corp.*, 604 F.2d 1063 (8th Cir. 1979), *Midwestern Developments, Inc. v. City of Tulsa*, 259 F.Supp. 554 (N.D.Okl.1966), *aff'd*, 374 F.2d 683 (10th Cir. 1967).

6. *Baca v. Commissioner of Internal Revenue*, 326 F.2d 189 (5th Cir. 1964), *Bramble v. Kleindienst*, 357 F.Supp. 1028 (D.Colo.1973), *aff'd*, *sub nom. Bramble v. Richardson*, 498 F.2d 968 (10th Cir.), *cert. denied*, 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974).

7. *Arcon Development Corp. v. United States*, 409 F.Supp. 671 (W.D.Pa.1976), *United States v. One 1965 Cadillac Two Door Coupe*, 260 F.Supp. 761 (W.D.Pa.1966).

8. *United States v. One 1961 Cadillac*, 337 F.2d 730 (6th Cir. 1964), *United States v. One 1974 Mercury Cougar*, 397 F.Supp. 1325 (C.D.Cal. 1975).

9. 19 U.S.C. § 1618, which reads in pertinent part that
[w]henever any person interested in any ... vehicle ... seized under the provisions of this chapter, ... files with the Secretary of the Treasury under the customs laws or under the navigation laws, before the sale of such ... vehicle, ... a petition for the remission or mitigation of such ... forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such ... forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just
. . . .
In 1933 an executive order transferred authority to the Attorney General in cases where the claimant institutes judicial proceedings.
In the case at bar, DEA agents confiscated the automobile pursuant to 21 U.S.C. § 881(a), and, therefore, 19 U.S.C. § 1618 became applicable through the operation of 21 U.S.C. § 881(d). Plaintiff's argument that §§ 701 and 706(2) of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, confers jurisdiction lacks merit. *See Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

10. *See* text quoted in n.9 and *Associate Investment Co. v. United States*, 220 F.2d 885 (5th Cir. 1955).

11. *United States v. One 1973 Buick Riviera*, 560 F.2d 897 (8th Cir. 1977), *United States v. One 1970 Buick Riviera*, 463 F.2d 1168 (5th Cir. 1972), *United States v. One 1971 Porsche Coupe*, 364 F.Supp. 745 (E.D.Pa.1973).

12. *United States v. One 1961 Cadillac, supra*, *United States v. One 1941 Plymouth Tudor Sedan*, 153 F.2d 19 (10th Cir. 1946), *United States v. One 1951 Cadillac Coupe DeVille*, 108 F.Supp. 286 (W.D.Pa.1952).

13. *United States v. United States Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).

14. *Id.* at 721-22.

15. 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

not overrule prior decisions which upheld application of forfeiture statutes to innocent persons not significantly involved in a criminal enterprise. Yet the Court *did* hold that

> it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or consent.[16]

The Court also recognized another exception, where the owner alleged that he was not involved in or aware of the illegal behavior *and* that he had done all that he reasonably could have been expected to do to prevent the offensive use of his property.[17] In both situations the Court opined that "it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive".[18] Accordingly, where the property owner includes such allegations the Court apparently has jurisdiction to review the Fifth Amendment constitutional claim.[19]

■ In the case at bar, plaintiff alleged only that she had "no knowledge or infor-

mation whatsoever of the use of her motor vehicle for the purposes of the transportation of any narcotic or controlled substance, or any other contraband".[20] In light of *Calero-Toledo*, to withstand a motion to dismiss, plaintiff must also include an allegation that she did all that she reasonably could have been expected to do to prevent the illegal use of her automobile. In the "interests of justice" plaintiff will be afforded an opportunity to amend the complaint.[21]

■ The Government's motion for summary judgment must also be denied. Plaintiff cannot rely exclusively upon the allegations of her complaint.[22] Instead, she must produce evidence by affidavit or otherwise [23] explaining the manner in which her husband acquired possession of the car and proving that at the time she did not know or have reason to believe that the car would be used for illegal purposes.[24] In other words, the Court cannot determine whether the general rule of forfeiture should apply to plaintiff's automobile until evidence has

**16.** *Id.* 416 U.S. at 689, 94 S.Ct. at 2094.

**17.** *Id.* at 689, 94 S.Ct. at 2094.

**18.** *Id.* at 689–90, 94 S.Ct. at 2094–95.

**19.** *Compare United States v. One 1972 Chevrolet Blazer*, 563 F.2d 1386 (9th Cir. 1977) ("there is some uncertainty with respect to the extent of a court's jurisdiction to review an administrative denial of remission") with *United States v. United States Coin & Currency*, 401 U.S. at 721, 91 S.Ct. at 1044 ("courts have intervened when the innocent petitioner's protests have gone unheeded").

**20.** Complaint, ¶ 9.

**21.** Fed.R.Civ.P. 15(a). *Carey v. Beans,* 500 F.Supp. 580 (E.D.Pa.1980), *aff'd,* 659 F.2d 1065 (3d Cir. 1981), *Holman v. Carpenter Technology Corp.,* 484 F.Supp. 406 (E.D.Pa.1980).

**22.** *Burke v. Leader Dogs for the Blind,* 516 F.Supp. 1374 (E.D.Pa.1981), *Martinez v. Bethlehem Steel Corp.,* 496 F.Supp. 1002 (E.D.Pa. 1979), *aff'd,* 633 F.2d 210 (3d Cir. 1980), Fed.R. Civ.P. 56(e). Summary judgment may be granted where no genuine issues of material fact exists. *Kawecki Berylco Industries, Inc. v. Fansteel Corp.,* 512 F.Supp. 984 (E.D.Pa.1981), *Hollinger v. Wagner Mining Equipment Corp.,* 505 F.Supp. 894 (E.D.Pa.1981). Prior to ruling upon this kind of motion, plaintiff should be

afforded an opportunity to present evidence by affidavit or otherwise. *Bryson v. Brand Insulators, Inc.,* 621 F.2d 556 (3d Cir. 1980).

**23.** *See Kawecki Berylco Industries, Inc. v. Fansteel Corp.,* 512 F.Supp. 984 (E.D.Pa.1981) and *Burke v. Leader Dogs for the Blind, supra.*

**24.** *Cf.* 19 C.F.R. § 171.13(a):

Seized property in possession of another responsible for act. If the seized property was in the possession of another who was responsible for or caused the act which resulted in the seizure, evidence shall be produced by the petitioner as to the manner in which the property came into the possession of such other person. The petitioner shall also submit evidence that prior to parting with the property he did not know, nor have reasonable cause to believe, that the property would be used to violate Customs or other laws, and that he did not know or have reason to believe that the violator had a criminal record or general reputation for commercial crime. In the case of a family member having an interest in property seized while in possession of another family member, evidence shall be submitted that the petitioning family member did not know or have reason to know that the property was likely to be used in the act which resulted in the seizure.

been submitted relating to whether plaintiff voluntarily surrendered possession of the car to her husband, whether she knew of her husband's possession of drugs and, if she did not know, whether her ignorance was reasonable.[25]

An appropriate order denying the Government's motions will be entered.

---

**25.** *See, for example, United States v. One 1972 Chevrolet Blazer, supra.*