**UNITED STATES of America, Plaintiff,**

v.

**ONE 1980 CHEVROLET CORVETTE, I.D. # 12878AS411361, Defendant.**

**Civ. A. No. 80–3971.**

United States District Court,
D. New Jersey.

May 26, 1983.

W. Hunt Dumont, U.S. Atty., Jerome B. Simandle, Asst. U.S. Atty., Trenton, N.J., for plaintiff.

Milton Diamond, Somerville, N.J., for claimant Szostek.

Frank B. O'Neill, Newark, N.J., for claimant Kirchner.

### OPINION

BISSELL, District Judge.

Plaintiff, United States of America, brings this action under 26 U.S.C. § 7302 and 49 U.S.C. §§ 781(a)(3) and 782 seeking forfeiture of a 1980 Chevrolet Corvette, I.D. # 12878AS411361, (Corvette). Plaintiff alleges that the Corvette was used and intended to be used in violation of various federal statutes proscribing illegal firearms activities. Plaintiff is opposed in this action by Stanley Szostek, (Senior), who as-

---

serts that he has a lien on the Corvette and is the equitable owner thereof.

Plaintiff has moved for summary judgment, originally returnable December 6, 1982. After several adjournments and the submission of supplemental papers, this motion was submitted for decision on the papers under *Fed.R.Civ.P.* 78. Examination of the entire record of this matter reveals that there is no genuine issue of material fact and that, as a matter of law, plaintiff is entitled to summary judgment.

For purposes of the present motion, there are no genuine issues of material fact. Arrangements were made for a meeting between Matthew W. Raffa, Special Agent of the Bureau of Alcohol, Tobacco and Firearms, and Joseph Kirchner on the evening of July 29, 1980, in the parking lot of a diner in Fort Lee, New Jersey. At that time, Kirchner displayed 670 receivers of illegal pen guns to Agent Raffa. These receivers had been transported to the meeting in the Corvette. At one point during the meeting, Kirchner called out to two co-conspirators who immediately appeared. One of these men was Stanley H. Szostek, (Junior), the son of Senior who claims an interest in the Corvette. The other man, Charles McDonald, arrived with 697 pen gun barrels matching the receivers produced by Kirchner. At this point, Agent Raffa placed all co-conspirators under arrest. Later that evening, plaintiff seized the Corvette.

The main contention presented by Senior in support of his claim is not persuasive. He does not contest the facts as recited, but argues that if the Corvette is forfeited to plaintiff, he would become the innocent victim of an injustice. Senior argues that he is not merely a lienor of the Corvette, but rather its equitable owner. He states that he made an interest-free loan of $14,000 to Kirchner that enabled him to purchase the car. Senior was designated as the secured party on the certificate of ownership of the Corvette. Kirchner agreed to repay the loan in 14 monthly installments of $1,000 each. Kirchner made the first payment, due on March 1, 1980, but missed the following three payments. Because of this failure, Senior demanded that Kirchner turn over to him the Corvette and the certificate of ownership. Kirchner complied with this demand, but neglected to sign the back of the certificate which would have made Senior the owner. Subsequently, on the night prior to the arrest of Kirchner and Junior, Senior noticed that the Corvette had been taken from his driveway. Senior confronted Junior about this, and was informed that Kirchner had borrowed the car for a few days due to the fact that Kirchner's wife was out of town with their family car. Before Senior could recover the Corvette, it had been seized.

In his brief, Senior makes several candid concessions which narrow the legal issues requiring resolution in this summary judgment motion.

> Initially, we concede that the Chevrolet Corvette had been utilized for illegal activities in violation of the Federal gun statutes, and that the government had acted reasonably in seizing the same. We also concede that the innocence of Mr. Szostek (the father) and his lack of knowledge of the criminal violations is immaterial to these proceedings and constitutes no defense. *United States v. One 1958 Pontiac Coupe* (1962, CA7 Ill.) 298 F.2d 421; *United States v. One 1962 Ford* (1964, SD Cal) 236 F.2d [F.Supp.] 529. And see also *United States v. Bride* (1962, CA9 Cal) 308 F.2d 470. We also concede that the plaintiff has shown by a preponderance of the evidence that the defendant vehicle had been utilized for the illegal sale and transfer of firearms, and that the burden of proof has now shifted to the claimant. *United States v. Twenty-six Firearms* (1980, WD Pa) 485 F.Supp. 549.

*Senior's Brief at 3.*

Indeed, Senior's appeal to this court is basically equitable in nature.

> Yet, it is clear that forfeiture should be denied where, as here, Mr. Szostek, the lien holder and equitable owner of the car, was not only uninvolved in and unaware of the wrongful activity, but also

had done all that reasonably could have been expected of him to prevent the proscribed use of his property. *Senior's Brief at 4.* As his counsel elaborates in his letter reply to plaintiff's brief, "I submit that the entire matter boils down to the issue of fairness ... 'Let right be done.' " *Letter Reply, 3/15/83.*

Our system of jurisprudence, however, does not permit *ad hoc,* visceral decisions based upon a particular jurist's perception of fairness in an individual case; when clear, established law dictates the correct result.

Senior asserts that it would be an injustice to deprive him of the Corvette, as innocent lienor and equitable owner of that vehicle. Senior's averred innocence is insufficient, however, to belie the fact that at the time the Corvette was seized he was not its owner. Rather, he is merely a lienor with his lien growing out of the purchase money security interest created when Senior gave the money to Kirchner that enabled Kirchner to acquire rights in the use of the collateral, *i.e.,* the Corvette. *See N.J.S.A.* 12A:9–107.

It is not entirely clear from the facts presented whether Senior's lien interest has been perfected. However, it is well established that in a motion for summary judgment, inferences "to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981). In accord with this guideline, and for purposes of the present motion, this Court will infer that sections 8 through 11 of *N.J.S.A.* 39:10 have been complied with and that Senior had a perfected security interest in the Corvette due to his designation as the secured party on the certificate of ownership.

Assuming that his interest was perfected in accordance with New Jersey law, Senior is still not the owner of the Corvette. Ac-

cording to *N.J.S.A.* 39:10–9, when a sale of a used car occurs,[1] the seller is required to execute and deliver to the buyer of the car an assignment of the certificate of ownership. The term "assignment" is defined in *N.J.S.A.* 39:10–2 as "the execution of a prescribed form transferring ownership of a motor vehicle from the person named therein to the purchaser." These statutory provisions make it clear that in failing to sign the certificate, Kirchner retained ownership of the Corvette. At best, Senior holds a perfected security interest, otherwise he is a mere lienor. Neither status is sufficient to prevent forfeiture to plaintiff of the Corvette.[2]

Citing *United States v. One 1977 Mercedes Benz, 380–S,* Civil No. 81–3507 (opinion filed by U.S. Magistrate Haneke, on 1/14/83), and *Suhomlin v. United States,* 345 F.Supp. 650 (D.Md.1972), Senior further asserts that forfeiture cannot obtain in this case because he was in no way involved in the described criminal actions. These cases are inapposite to the case at bar, however, for they stand for the proposition that forfeiture of property cannot result unless *the owner* of the property has been significantly involved in a criminal enterprise. While it is true that Senior was not involved in the criminal activities relevant hereto, it is also true, as previously discussed, that he is not the owner of the Corvette.

Furthermore, Senior's innocence in the proceedings is immaterial. In *DeVito v. U.S. Dept. of Justice,* 520 F.Supp. 127 (E.D. Pa.1981), the court noted that "the innocence or good faith of the *property owner* cannot be asserted as a defense" in a civil forfeiture action. *Id.* at 129. (Emphasis added). It follows that if the innocence or good faith of the property owner is no bar to forfeiture, then the innocence or good faith of a lienor, a person with a lesser interest than an owner, can likewise be no bar to forfeiture.

---

1. The definitions of the terms "Used motor vehicle" and "sale", appearing in *N.J.S.A.* 39:10–2, indicate that the return of the Corvette by Kirchner to Senior was a sale.

2. As will be discussed, Senior's only recourse is to seek remission or mitigation of the forfeiture.

As an innocent lienor, Senior's sole remedy is to proceed before the Attorney General of the United States upon a petition for remission or mitigation of forfeiture. Although the statutory forfeiture in the case at bar is a drastic remedy, Congress "has provided a means for ameliorating the harshness of [this statute]—the Attorney General may return the property if he finds 'such mitigating circumstances as to justify the remission' of the forfeiture, 19 U.S.C. § 1618; 28 C.F.R. § 9—and we must assume that this was intended to be the sole mechanism for affording leniency." *United States v. One Clipper Bow Ketch Nisku,* 548 F.2d 8, 12 (1st Cir.1977). Furthermore, it has been held that "[c]ourts have little, if any, discretion in statutory forfeiture cases, and authority to remit forfeiture in appropriate cases is vested in ·representatives of the executive branch of the government, not in the judiciary." *United States v. One 1976 Lincoln Mark IV,* 462 F.Supp. 1383, 1387 (W.D.Pa.1979). Accordingly, Senior must seek remission or mitigation pursuant to the procedures set forth in 28 C.F.R. §§ 9.1, *et seq.* Should his petition be denied, Senior's only recourse is to file with the Attorney General's office a request for reconsideration of the decision. *See* 28 C.F.R. § 9.3(j–m). Beyond this, Senior is without remedy for it has long been held that the decision of the Attorney General in such a matter is unreviewable. See *United States v. One 1971 Porsche Coupe Automobile, Vehicle Identification Number 9111100355,* 364 F.Supp. 745, 747 (E.D.Pa. 1973).

For the reasons set forth above, plaintiff's. motion for summary judgment forfeiting the Corvette is granted. A copy of an Order entered today granting this relief is enclosed.