**UNITED STATES of America,**
**Petitioner,**

v.

**ONE HUGHES HELICOPTER, MODEL NO. 269C, SERIAL NO. 690804, REGISTRATION NO. N58324, Its Tools and Appurtenances; One 12 Gauge Browning Semi-Automatic Shotgun; One 1973 Ford Crewcab Pickup, Vehicle Identification No. F25YCS48147, Texas License No. AR–1104, Its Tools and Appurtenances, One Trailer Equipped to Transport Helicopter, Its Tools and Appurtenances, Respondents.**

**Civ. A. No. CA–5–82–29.**

United States District Court,
N.D. Texas,
Lubbock Division.

July 25, 1984.

James A. Rolfe, U.S. Atty., Dallas, Tex., Mark D. McBride, Asst. U.S. Atty., Lubbock, Tex., for petitioner.

Harold H. Pigg, Brock, Morton & Pigg, Lubbock, Tex., for claimant/respondent FDIC, receiver of Sec. Nat. Bank, Lubbock, Tex.

John L. Shepherd, Seminole, Tex., for claimant/respondent Seminole Spraying Service and James Riley Davis.

## MEMO ORDER

WOODWARD, Chief Judge.

The United States filed a Complaint for Forfeiture against:

1. ONE HUGHES HELICOPTER, MODEL NO. 269C, SERIAL NO. 690804, REGISTRATION NO. N58324, ITS TOOLS AND APPURTENANCES;

2. ONE 12 GAUGE BROWNING SEMI–AUTOMATIC SHOTGUN;

3. ONE 1973 FORD PICKUP, TEXAS LICENSE NO. AR1104, ITS TOOLS AND APPURTENANCES; and

4. ONE TRAILER EQUIPPED TO TRANSPORT HELICOPTER, ITS TOOLS AND APPURTENANCES.

The property was used in violation of the Airborne Hunting Act, 16 U.S.C. § 742j–1. Claims to the property were filed by Security National Bank of Lubbock and Seminole Spraying Service, Inc.[1] The helicopter and its tools had been purchased by Seminole Spraying Service, Inc., by its president, James Riley Davis. Security National Bank financed the purchase, and had a valid purchase money security interest in the helicopter. *See* Exs. "A", "B", and "C" to Security National's Application for Mitigation of Forfeiture.

On April 12, 1982, Security National filed an Application for Mitigation of Forfeiture, claiming that it had a valid security interest lien in the helicopter and that it had acted in good faith and without knowledge that the helicopter was being used in violation of the laws of the United States. The petition was denied by the Department of Justice on the grounds that the bank "could still proceed to collect its debt from Seminole Spraying Inc., James Riley Davis, its president, or Harley D. Wilke, a guarantor." Ex. "C" to United States' Motion for Summary Judgment. Upon request for further review, the Department of Justice again denied the bank's petition. Ex. "E" to United States' Motion for Summary Judgment.

On April 12, 1982, Seminole Spraying Service, Inc. filed an Application for Mitigation of Forfeiture, claiming good faith. The application was denied, based on the fact that the president of Seminole Spraying, Inc. was in fact one of the principals convicted for violation of the Airborne Hunting Act. Ex. "I" to United States' Motion for Summary Judgment.

The United States has filed a Motion for Summary Judgment, asserting that there are no material issues of fact, that the petitions for mitigation were duly considered by the Department of Justice and consequently the district court has no jurisdiction to review the denial of mitigation.

A Brief in Opposition to Petitioner's Motion for Summary Judgment was filed by the Federal Deposit Insurance Corporation (FDIC), successor in interest to Security National Bank. The FDIC argues that the

---

1. Security National Bank's Claim to Property, filed March 30, 1982, only mentions the Hughes helicopter; however the bank's Application for Mitigation of Forfeiture, filed April 12, 1982, requests that the helicopter, its tools and appurtenances be turned over to the bank.

general rule of forfeiture should not apply to a situation in which FDIC has become the innocent secured creditor because the underlying purposes of the forfeiture statute would not be served.

This court's jurisdiction to review the Department's denial of the mitigation petition is sharply limited—if non-existent. 16 U.S.C. § 742j–1(e) makes aircraft and equipment used in violation of the Airborne Hunting Act subject to forfeiture. § 742j–1(f) provides that the provisions for remission or mitigation of forfeiture under the customs law shall apply to forfeitures under the Airborne Hunting Act. 19 U.S.C. § 1618, a section of the customs laws, states that

> Whenever any person interested in any … vehicle, merchandise, … seized … files with the Secretary … a petition for the remission or mitigation of such … forfeiture, the Secretary … if he finds that such … forfeiture was incurred without willful negligence or without any intention on the part of the petitioner … to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such … forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto.

The statute itself provides no right of appeal to the district court. Numerous courts have held that district courts lack jurisdiction to review the decision of the Secretary. *United States v. One 1970 Buick Riviera*, 463 F.2d 1168, 1170 (5th Cir.1972), *cert. denied* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972), *citing* cases. In the *Buick* case, the Fifth Circuit went on to note that "Judicial control of the Attorney General's remission and mitigation function has been exercised only when administrative officials have refused to entertain a mitigation claim … and the extent of judicial control has been merely to require the officials to exercise jurisdiction over the claim, not to review the final decision on the merits." *Id. See also De-*

*vito v. United States, Dept. of Justice, Etc.*, 520 F.Supp. 127, 129 (E.D.Pa.1981) ("… [19 U.S.C. § 1618], afford the Attorney General Exclusive authority to remit a forfeiture. His discretion must be exercised within the admittedly broad command of the statute. Although the Court may direct him to consider the merits of a petition, it has no jurisdiction to review his exercise of discretion.").

The Justice Department in this case has clearly performed its statutory duty to consider the bank's petition for remission or mitigation, and has, within its broad grant of discretion, denied the petitions. This court has no authority to substitute its judgment for that of the Attorney General. A lienholder's innocence is no defense to a suit for forfeiture. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

The United States' Motion for Summary Judgment is therefore granted. A judgment will be entered in accordance with this opinion.