**Lyle QUICK, Plaintiff/Appellant,**

v.

**UNITED STATES of America, Defendant/Appellee.**

No. 84–4414.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 1985.[*]

Decided Sept. 17, 1985.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and 9th Cir.R. 3(f).

Jerrold L. Nye, Nye & Meyer, Billings, Mont., for plaintiff/appellant.

Frank Meglen, Billings, Mont., for defendant/appellee.

Before CHOY, HUG and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Appellant Quick sued the United States for wrongful destruction of firearms seized under authority of 18 U.S.C. § 924(d) (1982). The district court dismissed the suit for failure to state a claim, holding that Quick had failed to exhaust administrative remedies. We affirm.

## I. *Background*

Quick allegedly owned a number of firearms which were kept in a house owned by his wife. The wife's brother, Sonny Strid, was temporarily residing in the house. In September 1981, Strid, a convicted felon, caused a disturbance by firing guns. Strid was arrested for violating 18 U.S.C.App. § 1202(a)(1) (1985) which forbids felons to "receive[ ], possess[ ], or transport[ ] in commerce . . . any firearm."

Firearms in the house were seized by a Montana sheriff and transferred to agents of the Bureau of Alcohol, Tobacco, and Firearms (BATF) pursuant to 18 U.S.C. § 924(d) (1982), which provides that "[a]ny firearm . . . used . . . in . . . violation of any . . . criminal law of the United States, shall be subject to seizure and forfeiture." That subsection also provides that forfeiture and disposition of such firearms be made in accordance with the relevant provisions of the Internal Revenue Code.

In accordance with 27 C.F.R. § 72.22 (1984), promulgated under I.R.C. § 7325 (1982)[1], the BATF published once a week

---

1. I.R.C. § 7325 provides that

In all cases of seizure of any goods, wares, or merchandise as being subject to forfeiture under any provision of this title which, in the opinion of the Secretary or his delegate, are of the appraised value of $2,500 or less, the Secretary or his delegate shall, except in cases otherwise provided, proceed as follows:

(1) **List and appraisement.**—The Secretary or his delegate shall cause a list containing a particular description of the goods, wares, or merchandise seized to be prepared in duplicate, and an appraisement thereof to be made by three sworn appraisers, to be selected by the Secretary or his delegate who shall be respectable and disinterested citizens of the

United States residing within the internal revenue district wherein the seizure was made. Such list and appraisement shall be properly attested by the Secretary or his delegate and such appraisers. Each appraiser shall be allowed for his services such compensation as the Secretary or his delegate shall by regulations prescribe, to be paid in the manner similar to that provided for other necessary charges incurred in collecting internal revenue.

(2) **Notice of seizure.**—If such goods are found by such appraisers to be of the value of $2,500 or less, the Secretary or his delegate shall publish a notice for 3 weeks, in some newspaper of the district where the seizure was made, describing the articles and stating

for three weeks a notice describing the firearms and the circumstances of their seizure. The notice stated that anyone claiming an interest in the firearms must file a claim with the BATF by December 24, 1981, thirty days after first publication of the notice. I.R.C. § 7325(2).

Meanwhile, Quick filed suit for the value of the firearms and for other damages in district court on December 16, 1981. Process was served on January 5, 1982, on the two BATF agents who had taken custody of the firearms and who were named as codefendants of the United States. That suit (the first action) was dismissed without prejudice on July 23, 1982, to allow Quick to pursue administrative remedies. Quick failed to do so.

The BATF proceeded to destroy the firearms on December 4, 1982. After filing an administrative claim for damages which was denied, Quick filed this action. The district court dismissed this suit for failure to state a claim, holding that it was barred by sovereign immunity and that Quick had failed to file a claim within thirty days after the first published notice as required by I.R.C. § 7325. This appeal followed.

## II. *Standard of Review*

■ A dismissal for failure to state a claim upon which relief can be granted involves issues of law and is reviewed de novo by this court. *Jones v. Community*

*Redevelopment Agency*, 733 F.2d 646, 648–49 (9th Cir.1984); *Halet v. Wend Investment Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

## III. *Discussion*

■ Quick contends that his filing the first action constituted effective notice of his claim to the firearms within the meaning of I.R.C. § 7325 and that the BATF was therefore not permitted to destroy them.

I.R.C. § 7325(3) provides that the exclusive method for transferring administrative forfeiture proceedings to district court is to file a claim with the Secretary or his delegate within thirty days after notice of the seizure is first published. *See, e.g., Glup v. United States*, 523 F.2d 557, 559–60 (8th Cir.1975); *United States v. Filing*, 410 F.2d 459, 461–62 (6th Cir.1969); *United States v. Amore*, 335 F.2d 329, 330 (7th Cir.1964).

Quick argues that his filing suit gave the BATF notice of his interest in the firearms and therefore constituted a claim within the meaning of I.R.C. § 7325(3). Even if we were to agree that the suit could constitute a claim, *cf. Epps v. Bureau of Alcohol, Tobacco & Firearms*, 375 F.Supp. 345, 349 (E.D.Tenn.1973) (document held to be a claim even though it "was entitled 'Petition,' was not accompanied by a cost bond, and did not request transfer of the forfei-

the time, place, and cause of their seizure, and requiring any person claiming them to appear and make such claim within 30 days from the date of the first publication of such notice.

(3) **Execution of bond by claimant.**—Any person claiming the goods, wares, or merchandise so seized, within the time specified in the notice, may file with the Secretary or his delegate a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $250, conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation; and upon the delivery of such bond to the Secretary or his delegate, he shall transmit the same, with the duplicate list or description of the goods

seized, to the United States attorney for the district, and such attorney shall proceed thereon in the ordinary manner prescribed by law.

(4) **Sale in absence of bond.**—If no claim is interposed and no bond is given within the time above specified, the Secretary or his delegate shall give reasonable notice of the sale of the goods, wares, or merchandise by publication, and, at the time and place specified in the notice, shall, unless otherwise provided by law, sell the articles so seized at public auction, or upon competitive bids, in accordance with such regulations as may be prescribed by the Secretary or his delegate.

Quick does not contest that his collection of twenty-one firearms was appraised at a value of less than $2,500.00.

ture proceedings to the District Court"), *aff'd mem.* 495 F.2d 1373 (6th Cir.1974), we could not deem that claim to have been filed before the BATF received notice of it. Process was not served on the defendant BATF agents until January 5, 1982, more than thirty days after the agency first published notice of the seizure.

Other courts have dismissed for lack of jurisdiction actions filed after expiration of the thirty-day period but apparently before plaintiff's property was sold or destroyed. *Glup*, 523 F.2d at 559 (claimant "sought return of seized property"); *Vaden v. United States*, 397 F.Supp. 163, 163 (W.D. Va.1975) (plaintiff "seeks to have these firearms returned to her"); *Bambulas v. United States*, 323 F.Supp. 1271, 1272 (D.S. D.1971) ("motion requesting the return of the firearms"); *Chesapeake Vending Co. v. DeCarlo*, 237 F.Supp. 554, 555 (D.Md. 1965) ("petitioner seeks an order enjoining the Internal Revenue Service from disposing of" his property); *DeBonis v. United States*, 103 F.Supp. 119, 120 (W.D.Pa.1952) ("petition for return of his truck"); I.R.C. § 7325(4). We need not decide whether a tardy administrative claim could be deemed effective if the claimant demonstrated extenuating circumstances to the agency. Quick had an opportunity to petition the BATF after his first suit, which was dismissed without prejudice, but failed to do so. Under these circumstances, we affirm the dismissal because of the failure to file a timely claim.

Because we affirm the district court on this basis, it is unnecessary to address the district court's alternative rationale that sovereign immunity bars the action.[2]

The judgment of the district court is

AFFIRMED.

---

**2.** Quick also argues that the seizure of the firearms was illegal because he, and not Strid, was their legal owner. Therefore, he argues the BATF was required to have ownership determined judicially. The circularity of this argument would require judicial determination of ownership in every case, without complying with the provisions of I.R.C. § 7325. In addition, Quick's premise contradicts the clear language of 18 U.S.C. § 924(d) that "any firearm ... used ... in ... violation of any ... criminal law of the United States, shall be subject to forfeiture and seizure."