956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David PRUITT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15411.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1992.
Decided Feb. 28, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On October 4, 1990, David Pruitt filled a petition for the return of property pursuant to Fed.R.Crim.P. 41(e).[1] The district court dismissed the motion for lack of jurisdiction because part of the property was the subject of a final administrative forfeiture proceeding while all of the remaining property was the subject of a pending civil judicial forfeiture action. Pruitt filed a timely notice of appeal. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 FACTS
 
 3
 This case concerns property that was seized as the result of an underlying criminal investigation of David Pruitt for the distribution of marijuana. On March 23, 1990, federal agents obtained a search warrant for a number of Arizona properties. According to the government, evidence of a marijuana operation was discovered and the agents seized certain personal properties pursuant to 21 U.S.C. § 881. These properties included, among other things, a 1989 Jaguar XJS, U.S. currency, and various household appliances and furnishings. On May 14, 1990, a seizure warrant was issued for various real properties, including three residences. Apparently, additional furnishings were removed at this time. By letter dated October 31, 1990, the government offered to return the furnishings to Pruitt, which it contended it was holding for "safe keeping" until the property was claimed by a bona fide owner. The release was conditioned on Pruitt's willingness to pay storage fees and to sign a hold harmless agreement. Pruitt declined, and on December 14, 1990 the government obtained another seizure warrant and seized the personal property it had been holding in storage.
 
 
 4
 The government claims that on April 18, 1990 it mailed Pruitt a list of all of the property seized as part of the March 23rd search, along with a notice of forfeiture. Pruitt contends that this notice was not actually received. Notice of forfeiture with respect to the Jaguar was also sent to Pruitt's father, Harry Pruitt. Harry responded by hiring counsel to file a claim and post a cost bond. Based on this claim, a civil judicial forfeiture action was commenced on August 3, 1990 (CIV-90-1191-PHX-PGR). This action listed the Jaguar as the only named defendant.
 
 
 5
 The government sent a second notice to Pruitt by certified mail on June 7, 1990. This letter listed the property that was seized pursuant to the March 23rd search and outlined the procedures through which interested parties could file a claim. The letter contained a second list of property, identical to the first except for the exclusion of the Jaguar, and stated that all items on the second list were subject to an administrative forfeiture proceeding that would be completed on July 3, 1990. There is no dispute that Pruitt received the letter, and hence actual notice of the impending administrative forfeiture, on June 21, 1990.
 
 
 6
 On the date that forfeiture was to be complete, July 3, 1990, Pruitt's counsel mailed a response via Federal Express. The correspondence was sent to the U.S. Attorney with a copy to the Customs Service. The letter requested that the listed property be included as part of the civil judicial forfeiture action against the Jaguar. The letter also objected to the appraised value of the seized property. The letter did not, however, include a particularized list of property that Pruitt was claiming, include a cost bond, or request an extension of the deadline in the administrative forfeiture proceeding. The letter was received on July 5, 1990.
 
 
 7
 The Rule 41(e) motion was filed on October, 4, 1990. On October 23, 1990, the government amended the complaint in the civil judicial forfeiture proceeding against the Jaguar to include all real property seized pursuant to the May 14 warrant, and a 1988 Ford pickup that has been subsequently seized. Pruitt admits in his brief that this action means that the Rule 41(e) motion now only applies to "household furniture, furnishings, clothing and other items seized on or about March 23, 1990 and on May 15, 1990." In a supplemental response to Pruitt's petition in the district court, the government agreed to further amend the pending civil judicial forfeiture action against the Jaguar to include the personal property that was originally taken for "safe keeping" and that was later subject to the December 14, 1990 seizure warrant. Apparently, Pruitt agreed to this amendment. This final amendment means that the only property subject to dispute in the Rule 41(e) motion is the personal property seized on March 23rd that was the subject of the administrative forfeiture proceeding.
 
 DISCUSSION
 
 8
 A district court's interpretation of Rule 41(e) is reviewed de novo. In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 855 (9th Cir.1991).
 
 
 9
 Pruitt raises three objections relating to the property that was subject to administrative forfeiture: (1) that he did not receive adequate notice of the administrative forfeiture, (2) that he properly filed a claim and bond for the property, and (3) that the Customs Service improperly forfeited the property administratively when judicial forfeiture was required. Each of these claims will be considered in turn.
 
 
 10
 This court has jurisdiction over an appeal of a denial of a Rule 41(e) motion when there is no criminal prosecution pending. DeMassa v. Nunez, 747 F.2d 1283, 1286 (9th Cir.1984), reh gr, in part, reh den, in part, 770 F.2d 1505, (1985). A forfeiture action is an in rem proceeding in which the court's jurisdiction in tied to the res. United States v. Ten Thousand Dollars in U.S. Currency, 860 F.2d 1511, 1513 (9th Cir.1988). A final order of forfeiture removes the property from the district court and, therefore, typically marks an end to the court's jurisdiction. Id. See also United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990).
 
 
 11
 An exception to this general rule will lie if the "property is removed by 'an accidental or fraudulent, or improper removal.' " Ten Thousand Dollars, 860 F.2d at 1513 (quoting The Rio Grande, 90 U.S. (23 Wall.) 458, 465 (1874)). In such cases, jurisdiction will not be destroyed. In essence, the district court will have jurisdiction, in spite of a final administrative forfeiture, if the administrative forfeiture was procedurally deficient.
 
 
 12
 Pruitt argues that the forfeiture was improper because he did not receive adequate notice of the administrative proceeding. He cites a number of cases attacking the adequacy of published notification. Independent of the notices that the government published pursuant to 19 U.S.C. § 1607, Pruitt received actual notice on June 21, 1990. Forfeiture was to be complete on July 3, 1990. The district court found that he had sufficient notice of the proceeding, eleven days, and that there were no extenuating circumstances that would justify an extension.
 
 
 13
 The district court's conclusion is correct. Pruitt had counsel. The same counsel represented Pruitt's father and was familiar with the case. Counsel had already filled a claim and bond on behalf of the father with respect to the Jaguar. There is no reason to believe that eleven days of actual notice under such circumstances is inadequate. Pruitt made no attempt to move for an extension or to request a stay before the deadline. Since notice was adequate, the administrative proceeding was proper, and the district court had no jurisdiction under Rule 41(e).
 
 
 14
 Pruitt's second argument is that the letter dated July 3, 1990 constituted a filed claim. The claimant cites cases supporting the mailbox rule in the setting of contractual acceptance of offers. See Adams v. Lindsell, 106 Eng.Rep. 250 (K.B.1818). The district court held that the claim was not filed in a timely fashion. Pruitt can cite no authority in support of the mailbox rule for the filing of forfeiture claims. In Quick v. United States, 771 F.2d 1291 (9th Cir.1985), this court held that a forfeiture claim could not be considered filed before the agency had received notice of it. Id. at 1293-94.
 
 
 15
 Moreover, there are a number of irregularities in the letter. The district court was correct in not viewing the July 3rd letter as a timely filed claim. The letter was addressed and sent to the U.S. Attorney rather than the Customs Service as required under 19 U.S.C. § 1608. The letter did not include a particularized list of the property being claimed. Finally, the letter did not include a cost bond for the personal property subject to forfeiture. There are no extenuating circumstances explaining the deficiencies.
 
 
 16
 Pruitt's final contention is that the administrative forfeiture was improper because the value of the property in question exceeded $100,000. See 19 U.S.C. § 1607. The Customs Service appraised the value of the property at $98,469. This court in Elias held that Rule 41(e) could not be used as a forum to collaterally attack administrative forfeiture proceedings. "If Elias's property has been forfeited pursuant to 19 U.S.C. § 1609 because he failed to file a timely claim, he is expressly barred by the Federal Rules of Criminal Procedure from challenging the forfeiture. Rule 54(b)(5) provides that the Federal Rules of Criminal Procedure 'are not applicable to ... civil forfeiture' proceedings." 921 F.2d at 875.
 
 
 17
 Property that is the subject of a pending judicial or administrative proceeding cannot be the basis for a rule 41(e) motion. The property that was originally taken for "safe keeping" and later seized on December 14, 1990 was subject to a pending administrative forfeiture proceeding. Subsequently, the government agreed to amend the pending civil judicial forfeiture proceeding to include the property in question. The district court properly declined to exercise jurisdiction over this property. See Elias, 921 F.2d at 873; United States v. U.S. Currency, $83,310.78, 851 F.2d 1231, 1234-35 (9th Cir.1988).
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 41(e) allows a party to make a motion for the return of property in the district court of the district in which the property was seized or otherwise detained