**In the Matter of the SEIZURE OF 2007 GMC SIERRA SLE TRUCK, VIN: 2GTEK13C1715.**

**Civil Action No. 4:13–mc–0213–RBH.**

United States District Court,
D. South Carolina,
Florence Division.

Signed July 25, 2014.

Bobby George Frederick, Matthew Sherrod Swilley, Frederick Defense Firm, Myrtle Beach, SC, for 2007 GMC Sierra SLE Truck, Vin: 2GTEK13C1715.

## ORDER

R. BRYAN HARWELL, District Judge.

On May 13, 2013, Petitioner Jazmine Cruz ("Petitioner"),[1] by and through her counsel, filed the above captioned action petitioning this Court to set aside and cease the administrative forfeiture proceedings concerning a 2007 GMC Sierra SLE, VIN # 2GTEK13C1715 ("the GMC truck"),[2] which was seized by the Drug Enforcement Administration ("DEA"). *See* Pet., ECF No. 1. The petition also requests that the matter be litigated in

---

1. The parties alternatively refer to Jazmine Cruz as "petitioner" and "plaintiff." The Court will refer to her as Petitioner.

2. The Vehicle Identification Number ("VIN") identified in the caption did not include the final five digits. *See* Certificate of Title, ECF No. 1–1 at 1. The full VIN for the GMC truck is: 2GTEK13C1715311701. *See id.*

this Court, the United States District Court, pursuant to 18 U.S.C. § 983 *et al.* *See id.* The matter is before the Court on Respondent United States of America's ("Respondent" or "the Government") motion for dismissal and/or summary judgment. *See* Mot., ECF No. 5. For the reasons set forth below, the Court grants Respondent's motion.

FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise noted, the parties generally agree on the factual and procedural history of this matter. This case involves the DEA's administrative forfeiture of a 2007 GMC Sierra SLE truck, VIN: 2GTEK13C1715311701. The detailed background is set forth in both the petition and the declaration of Vicki Rashid, Forfeiture Counsel with DEA Headquarters, which was attached as Exhibit 1 to Respondent's motion. *See* Aff. of Vicki Rashid, ECF No. 5–1.

Petitioner asserts that Diego De Jesus Cruz–Gutierrez ("Cruz–Gutierrez") was arrested on charges of conspiracy to possess with intent to distribute heroin on July 12, 2012. *See* ECF No. 1 at 1. Petitioner states that she is married and cohabitated with Cruz–Gutierrez at the time of his arrest. *See id.* Petitioner claims that on July 12, 2012, the DEA seized various assets shortly after apprehending Cruz–Gutierrez and taking him into custody. Petitioner asserts that the DEA seized automobiles, including the GMC truck, and several thousand dollars' worth of currency belonging to Cruz–Gutierrez. *Id.* Petitioner claims, however, that the GMC truck belonged to her and was titled to her. *See id.* Petitioner provided a copy of the Certificate of Title, which shows her as the titleholder. ECF No. 1–1 at 1. She asserts that she was not charged in any indictment and was not involved with the criminal activity. *See* ECF No. 1 at 2. She argues that the Government has not al-

leged that the GMC truck was used to facilitate the commission of a criminal offense, or that there was a substantial connection between the car and any criminal offense. *See id.* The Government did not address these factual assertions in its motion or exhibits, aside from a statement in forfeiture counsel's affidavit acknowledging that the GMC truck was in fact seized on July 12, 2012 from the residence of Jazmine Cruz. *See* ECF No. 5–1 at ¶ 4(a). The government does not object to Petitioner's factual assertions though.

On August 30, 2013, the DEA mailed a written notice of seizure to Petitioner. *See* ECF No. 1 at 2; ECF No. 5–1 at ¶ 4(b). The seizure notice specified that, in order to contest the forfeiture in the United States District Court, a verified claim must be filed with forfeiture counsel for the DEA by October 4, 2012. *See* ECF No. 1 at 2; Notice of Seizure, ECF No. 5–1 at 9. The Notice of Seizure specified that the filing date of the claim would be deemed the date on which the DEA physically received the claim or petition. *See* ECF No. 5–1 at 9. In particular the Notice stated as follows:

> If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding.... All submissions must be filed with the [DEA] Forfeiture Counsel.... **A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FAC-**

SIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.

*Id.* (emphasis in original).

Therefore, as clearly set forth in the Notice and as required by statute, *see* 18 U.S.C. § 983(a)(2), in order to contest the forfeiture and seek a referral for judicial forfeiture, Petitioner had to file a claim with the DEA by October 4, 2012. *Id.* Petitioner asserts that she mailed a verified claim to the DEA on October 1, 2012. *See* ECF No. 1 at ¶ 10; Verified Claim, ECF No. 5–1 at 24–30 (cover letter dated October 1, 2012). Petitioner also mailed a "Petition for Remission" and "Petition to Return for Hardship" along with the verified claim. *See id.*

Forfeiture counsel for the DEA responded on November 1, 2012, explaining that the verified claim was being returned because it was received by forfeiture counsel "after the last day to file, which was October 4, 2012." *See* ECF No. 1 at 2; Letter, ECF No. 5–1 at 31–32. Forfeiture counsel testified in her affidavit that the DEA did not receive the verified claim until October 9, 2012. ECF No. 5–1 at ¶ 4(i). Forfeiture counsel attached a copy of the verified claim to her affidavit which had a stamp indicating that it was "received" by the Asset Forfeiture Section on October 10, 2012 at 2:22 p.m.[3] *See* ECF No. 5–1 at 24–30. Petitioner does not specifically dispute this evidence, aside from noting that the DEA "claims" that the verified claim was not received by the October 4, 2012 date. *See* Pet.'s Resp., ECF No. 6 at 1.

In its November 1, 2012 letter, the DEA explained that Petitioner's verified claim was rejected because it was not timely. *See* ECF No. 5–1 at 31. The letter also explained that the request for release of the property due to hardship could not be given consideration because a valid claim was not timely submitted. *Id.* The letter then noted that the petition for remission was being returned for clarification because the subject line referenced a different asset number than the 2007 GMC Sierra SLE. *Id.* The asset number listed on the petition for remission was 12–DEA–569225, which the DEA averred was the asset number for a 2009 Chevrolet Silverado LT. *Id.* Finally, the letter explained that, although a proper petition for remission and/or mitigation was not filed along with the claim, the DEA would, as a matter of discretion, give Petitioner twenty days from the receipt of the letter to file a proper petition. *Id.* The letter explained that any petition must declare under penalty of perjury that the information contained therein was true and correct. *See id.*

On November 14, 2012, the DEA forfeited the vehicle because a properly executed claim had not been received, and the time limit for filing claims had expired.[4] *See* Rashid Aff., ECF No. 5–1 at ¶ 4(k); Declaration of Forfeiture, ECF No. 5–1 at 40. On January 15, 2013, the DEA received what it construed as a Petition for Remission or Mitigation of Forfeiture (Petitioner titled it a "Petition to Return Property Pursuant to Rule 41(g)"), which was dated December 6, 2012, on behalf of Jazmine Cruz.[5] *See* Rashid Aff., ECF No. 5–1 at

---

**3.** This discrepancy between forfeiture counsel's statement in the affidavit and the date stamp is not material, as both dates are beyond the October 4, 2012 deadline.

**4.** Petitioner does not discuss, but also does not object to, any of Respondent's factual

assertions concerning matters beyond the November 1, 2012 letter.

**5.** The December 6, 2012 petition asserts that it was made pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. This document, however, appears to have only

¶ 4(*l*). On January 31, 2013, the DEA sent counsel for Petitioner a letter indicating that the Petition for Remission or Mitigation of Forfeiture was being returned as defective because it was submitted by an attorney without Petitioner's statement as required by 28 C.F.R. § 9.3(e)(2) and 9.9(g). *See* ECF No. 5–1 at ¶ 4(m). Nevertheless, the letter explained that, as a matter of discretion, the DEA would allow Petitioner thirty days to correct the deficiency and file a valid petition. *See* Letter, ECF No. 5–1 at 57. *See id.* The DEA resent the letter dated January 31, 2013 on April 25, 2013. *See* Rashid Aff., ECF No. 5–1 at ¶ 4(m). Neither party indicates whether Petitioner ever submitted a proper petition.[6]

On May 13, 2013, Petitioner initiated this action by filing a petition requesting the Court set aside the administrative forfeiture, and that the matter proceed as a judicial forfeiture action under 18 U.S.C.

been filed with the Asset Forfeiture Section. There is no record of this petition being filed in the District of South Carolina. The Court notes that Rule 41(g) requires that a Rule 41(g) motion/petition "must be filed in the district where the property was seized." Fed. R.Crim.P. 41(g).

6. Although the record is unclear as to the disposition of the petition for remission or mitigation of forfeiture, the Court notes that it would not change the analysis herein even if that petition was still pending. If a claimant fails to file a claim, the seized property is administratively forfeited. *Martin v. Leonhart*, No. 09–1747(EGS), 717 F.Supp.2d 92, 97 (D.D.C.2010). "An administrative forfeiture has the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding." *Id.* Once a declaration of forfeiture is issued, "[t]itle shall be deemed to vest in the United States free and clear of any liens or encumbrances." 19 U.S.C. § 1609. Thus, where a claimant fails to file a timely claim with the DEA contesting the forfeiture, the DEA may forfeit the asset, which "becomes final in the administrative process." *Martin*, 717 F.Supp.2d at 97. The

§ 983 *et al.* In response, Respondent filed a motion for dismissal and/or summary judgment. Respondent asserts the following three arguments in support of its motion: (1) dismissal is warranted pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP") because the Attorney General has not been properly served; (2) dismissal is warranted pursuant to Rule 12(b)(1) because 18 U.S.C. § 983 does not provide the Court with jurisdiction to hear Petitioner's claims; and (3) dismissal and/or summary judgment is warranted because Petitioner has failed to state a claim upon which relief may be granted. ECF No. 5 at 3.

### DISCUSSION

### I. Service of Process

█ Although typically the Court is first "obligated to satisfy [it]self[ ] of subject-matter jurisdiction," *United States v. Urutyan*, 564 F.3d 679, 684 (4th Cir.2009), the timely filing of a verified claim is *"the exclusive means by which a claimant can have a judicial determination as to the forfeiture's validity."* *Id.* at 100 (emphasis added).

"A claimant may, however, request remission and/or mitigation of the administrative forfeiture by filing a petition within thirty days of receipt of the notice of seizure." *Id.* at 97. This is a purely administrative matter though, and the DEA has broad discretion in deciding whether to grant it. *See id.* (discussing the administrative process for reviewing a petition for remission). For purposes of remission or mitigation, the validity of the underlying forfeiture is presumed. *See* 28 C.F.R. § 9.5(a)(4). In a case with similar procedural history, where a claim was not timely filed and the asset was forfeited during the pendency of a petition for remission, the Court found that petitioner waived his opportunity to seek judicial review of the merits of the forfeiture. *See Pert v. United States*, No. 3:10–cv–0739–LRH–RAM, 2011 WL 1792767, at *5 (D.Nev. May 11, 2011). Thus, the Court found, its scope of review was limited to a motion to set aside the forfeiture made pursuant to 18 U.S.C. § 983(e). *Id.* at *5.

Court will address Respondent's argument regarding service of process first. This is only because Respondent indicated this argument would be withdrawn if Petitioner filed proper proof of service upon the Attorney General.

■ Rule 4(i)(1) of the FRCP requires that, to properly serve the United States via certified mail, the summons and complaint must be mailed via certified mail to both the Attorney General of the United States at Washington, D.C. and to the civil process clerk at the United States Attorney's office. Fed.R.Civ.P. 4(i)(1). Respondent argued that dismissal was warranted because Petitioner provided no proof that the Attorney General has been served with this action. In response to Respondent's motion, Petitioner filed a Certified Mail Receipt indicating that the Department of Justice was served via certified mail in Washington, D.C. *See* Receipt, ECF No. 6–1. This document appears to show proper service of the pleadings upon the Attorney General. Respondent did not contest this in its reply to Petitioner's response. Accordingly, the Court finds that this ground has been withdrawn.

## II. Subject–Matter Jurisdiction

■ Respondent's next argument asserts that the Court lacks subject matter jurisdiction to entertain this petition. Motions brought pursuant to Rule 12(b)(1) challenge whether the district court has jurisdiction over the action. *See* Fed. R.Civ.P. 12(b)(1). A court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: " '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' " *Bucksport Water Sys., Inc. v. Weaver*

*Eng'g, Inc.*, No. 4:13–cv–02503–RBH, 2013 WL 5914410, at *2 (D.S.C. Oct. 31, 2013) (quoting *Norman v. Owens*, No. 5:12–cv–01158–RBH, 2013 WL 4042038, at *3 (D.S.C. Aug. 7, 2013)); *see also Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008). Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in one of two ways: as a facial attack or as a factual attack. *See Lutfi v. United States*, 527 Fed.Appx. 236, 241 (4th Cir.2013).

■ A facial attack questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Id.* Thus, "[i]n a facial challenge, the plaintiff is afforded the same procedural protections as he would be accorded when faced with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* Therefore, "all alleged facts are taken as true and the motion will be denied if the complaint alleges facts that, if proven, would be sufficient to sustain jurisdiction." *Id.*

■ A factual attack, on the other hand, challenges the truthfulness of the jurisdictional allegations in the complaint. *Id.* "In a factual challenge, a trial court 'may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.' " *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir.2009)). In a factual challenge, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)). The district court should apply the standard applicable to a motion for summary judgment, under

which the non-moving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.; see also Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1559 (9th Cir.1987). However, where the jurisdictional facts are intertwined with the facts central to the merits of the dispute, the entire factual dispute is appropriately resolved only by a proceeding on the merits. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982).

 Petitioner asserts that 18 U.S.C. § 983 provides jurisdiction for the Court to entertain this action.[7] Respondent, however, argues that there is no jurisdictional basis because Petitioner seeks a review of the merits of an administrative forfeiture claim. "Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations." *United States v. Campbell*, 3 Fed.Appx. 381, 383 (6th Cir.2001). If a petitioner fails to timely file a claim and waives "its opportunity for judicial forfeiture proceedings during the administrative process," the petitioner "may not . . . attempt to correct its choice of remedy in federal court." *Malla-*

*di Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d 885, 889 (D.C.Cir.2009).

 The Fourth Circuit has recognized that § 983(e) allows a petitioner to challenge a forfeiture "if he did not know or have reason to know of the seizure within sufficient time to file a timely claim." *United States v. Martins*, 475 Fed.Appx. 873, 874 (4th Cir.2012). More specifically, the Fourth Circuit has explained that federal courts have general federal question jurisdiction to entertain an equitable cause of action challenging an administrative forfeiture which was based on inadequate notice. *United States v. Minor*, 228 F.3d 352, 357 (4th Cir.2000); *see also United States v. Pierce*, No. 4:03–474–24–CWH, 2007 WL 1202556, at *1 (D.S.C. Apr. 23, 2007) ("Because the defendant did not contest the administrative forfeiture by timely filing a claim for the currency, the Court only has jurisdiction to determine whether the defendant received adequate notice of the seizure."); *City of Concord v. Robinson*, 914 F.Supp.2d 696, 705 (M.D.N.C. 2012) ("[W]ith the exception of notice issues, federal courts have no jurisdiction to hear claims that a completed administrative forfeiture violated the property owner's constitutional rights.").[8]

---

7. Petitioner has not asserted that she seeks relief pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. As previously noted, the record contains a document purporting to be a "Petition" pursuant to Rule 41(g), but the only evidence shows that it was filed with the Asset Forfeiture Division of the DEA, not the Court. To the extent the present petition could be construed to seek relief under Rule 41(g), however, the Court notes that its holding would be the same. Some courts have explicitly found that "[a] Rule 41(g) is not the appropriate mechanism to recover property lost to administrative forfeiture." *Glenn v. United States*, No. 13–cv–955, 2014 WL 1330270, at *2 (E.D.Wisc. Mar. 31, 2014); *see also United States v. Minor*, No. 4:12–cr–0004–TWP–MGN–14, 2012 WL 2089071, at *3 (S.D.Ind. June 7, 2012) ("[O]nce the prop-

erty has been administratively forfeited, relief under Rule 41(g) is no longer available."). However, other courts simply construe a Rule 41(g) motion challenging an administrative forfeiture as a motion made pursuant to 18 U.S.C. 983(e). *See, e.g., United States v. Pickett*, No. 07–CR–117 (JG)(KAM), 2011 WL 3876974, at *1 (E.D.N.Y. Sept. 1, 2011) ("The CAFA [Civil Asset Forfeiture Act of 2000] applies even if the plaintiff styles his motion as a Rule 41(g) motion."); *Centeno v. United States*, No. 05 Civ. 8794(RMB)(GWG), 2006 WL 2382529, at *3 (S.D.N.Y. Aug. 17, 2006), *adopted* 2006 WL 2771699 (S.D.N.Y. Sep. 22, 2006) (same).

8. The Court acknowledges the Fourth Circuit has recognized that "[a] number of circuits have noted that once the administrative forfeiture is completed, district courts retain juris-

■ The Court agrees with Respondent's facial attack, and concludes that it lacks jurisdiction to hear this action.[9] In the petition, Petitioner argues that the Court should review this forfeiture because the claim was due on October 4, 2012, and counsel for Petitioner mailed a verified claim on October 1, 2012. *See* ECF No. 1 at 2. Petitioner acknowledges that the notice stated that a verified claim must be filed with the DEA's forfeiture counsel by October 4, 2012. *See id.* Petitioner attached the Notice to her Petition, which contained the language about a claim being deemed "filed" when received by the DEA. *See* Notice, ECF No. 1–2. Nevertheless, Petitioner argues that it was reasonable to assume that the verified claim would be timely, and that the DEA would not suffer any prejudice in litigating this action. The DEA, however, claimed that the Petition was untimely because it was received after the October 4, 2012 deadline. *See* Letter, ECF No. 1–6.

Petitioner does not argue that she did not receive notice of the seizure, or that the DEA did not follow proper procedures in giving her notice of the seizure. Accordingly, based on the authority cited above, the Court finds that it lacks jurisdiction to entertain this action. *Cf. Martins*, 475 Fed.Appx. at 874 ("Martins acknowledges that he had sufficient notice of the administrative forfeiture action. Accordingly, we affirm the district court's order denying the motion to set aside the forfeiture."). The Fourth Circuit has clearly stated that the district court can hear an equitable cause of action challenging an administrative forfeiture which was based on inadequate notice. *See Minor*, 228 F.3d at 357. However, the Court lacks jurisdiction to hear a general challenge to a completed administrative forfeiture. *See Robinson*, 914 F.Supp.2d at 705. Therefore, the Court finds that dismissal is warranted for lack of subject matter jurisdiction.[10]

diction to review the forfeiture to determine compliance with due process or procedural requirements." *See Ibarra v. United States*, 120 F.3d 472, 474 n. 4 (4th Cir.1997). The Fourth Circuit, however, appears to have only explicitly recognized "an equitable cause of action to challenge an administrative forfeiture based on inadequate notice" as detailed in *Minor*. *See Minor*, 228 F.3d at 357.

9. The factual background detailed previously in this order included discussion of information supported by evidence presented outside of petition. For purposes of this section, analyzing Respondent's facial attack, the Court will only consider the allegations of the Petition and the documents attached and incorporated therein.

10. Alternatively, the Court finds that, even if it theoretically had jurisdiction to hear the petition, summary judgment would be appropriate. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Petitioner has failed to establish a genuine issue of material fact regarding whether her petition asserts an appropriate claim. Summary judgment would be warranted because the administrative forfeiture was not properly contested by timely filing a claim. Respondent provided testimony of the DEA forfeiture counsel via affidavit that the DEA received a Petitioner's claim on October 9, 2012. *See* ECF No. 5–1 at ¶ 4(i). Attached to the affidavit was a copy of the documents received by the asset forfeiture section, which shows a date stamp indicating they were "received" on October 10, 2012 at 2:22 p.m. *See* ECF No. 5–1 at 24–30. Petitioner does not dispute this testimony and evidence, instead simply noting that the DEA "claims" the verified claim was not received by the October 4, 2014 deadline

## CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's motion for dismissal is **GRANTED** for lack of subject matter jurisdiction. Petitioner's petition is **DISMISSED** *with prejudice.*

**IT IS SO ORDERED.**

specified in the seizure notice. *See* ECF No. 6 at 1. Counsel argues, however, that even if the claim was late, it should still have been considered because he made "every effort" to get it filed in time and it was reasonable to presume that it would have been received on time. Thus, he argues, Respondent's motion should be denied.

Petitioner argues that the verified claim should have been considered despite the seizure notice's specific language explaining that a claim must be filed by October 4, 2014 and detailing that "filing" occurs when the claim is received by the DEA. Petitioner asserts that "[i]t would not comport with the essential fairness that the judicial system means to ensure if Petitioner were to be disallowed from litigating her claim through no fault of her own." *See id.* at 2–3. Petitioner cites a judicial forfeiture case where the district court noted that it had discretion to extend the time for filing a verified claim. *See United States v. One (1) 1979 Mercedes 450SE*, 651 F.Supp. 351, 353 (S.D.Fla.1987). Petitioner also cites a judicial forfeiture case where the district court explained that the amount seized should be considered in determining whether to extend the time. *See United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 563 (7th Cir.1988).

Petitioner's reliance on the authority discussed above is misplaced because those cases involved judicial, rather than administrative, forfeiture proceedings. Petitioner has provided no authority establishing that her

equitable arguments would apply to excuse a late filed verified claim. Various courts from around the county that have dealt with this issue have determined "a forfeiture claim could not be considered filed before the agency received notice of it." *Pruitt v. United States*, No. 91–15411, 1992 WL 39299, at *3 (9th Cir. Feb. 28, 1992); *see also United States v. $7,696.00 In U.S. Currency*, No. 12–cv–11–LRR, 2013 WL 1827668, at *4 (N.D.Iowa Apr. 30, 2013) ("The court finds that the Claim of Ownership was not "filed" within the meaning of 18 U.S.C. § 983(a)(3)(A) until the Forfeiture Paralegal Specialist received it."); *Sandoval v. United States*, No. 00 CIV 1259 AGS, 2001 WL 300729, at *4 (S.D.N.Y. Mar. 28, 2001) (notice of claim in IRS administrative forfeiture proceedings was "untimely because the IRS did not receive it until ... a day after the filing deadline"). Some courts have recognized an exception where the claimant was incarcerated, extending the prison mailbox rule. *See, e.g., Longenette v. Krusing*, 322 F.3d 758, 764–65 (3d Cir.2003) (holding that the prison mailbox rule applies to the filing of administrative forfeiture claims); *Moskovits v. DEA*, 774 F.Supp. 649, 653 (D.D.C.1991) (same). However, the undersigned is unaware of, and Petitioner has not cited, any cases applying the mailbox rule to the filings of claims of individuals who are not incarcerated. Accordingly, even if the Court could exercise jurisdiction, summary judgment would be appropriate because Petitioner has failed to show that her petition asserts an appropriate claim.